Donald C. PARKER, Petitioner,

v.

**BLACKWELL ZINC COMPANY and the
State Industrial Commission,
Respondents.**

No. 37900.

Supreme Court of Oklahoma.

May 13, 1958.

Farmer & Kerr, Oklahoma City, for petitioner.

Felix Duvall, Ponca City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Claimant, Donald C. Parker, filed a claim against employer, Blackwell Zinc Company, seeking recovery for disability due to an alleged occupational disease. The trial judge held that the claim was barred by limitations, and entered an order denying compensation which was sustained on appeal to the Commission en banc. Claimant brings the case here for review.

The primary question is as follows: What is the limitation of time within which a claim for disability due to an occupational disease must be filed?

In 1953 the Legislature by amending various sections of the Workmen's Compensation Act made provision for recovery of compensation for specified occupational diseases. In this same Act the Legislature revised and amended 85 O.S.1951 § 43 so as to read in part as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury a claim for compensation thereunder be filed with the Commission unless such claim shall arise from an oc-

cupational disease in which case the claimant shall file said claim within (3) years after his last exposure to the hazard to which the claimant attributes as the cause of the occupational disease. * * *"

Two days after the approval and effective date of the above amendment to Sec. 43, supra, a second Act or amendment to Sec. 43 was approved and became effective. The title to this second amendatory Act provides in pertinent part as follows:

"An Act * * * amending Section 43, Title 85, Oklahoma Statutes 1951, *as amended;* and declaring an emergency." (Emphasis supplied.)

In the body of the Act we find the following:

"Section 2. Claim for Compensation Barred After One Year— * * *. That Title 85, Oklahoma Statutes 1951, Section 43, is hereby amended to read as follows:

"Section 43. The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation. * * *"

It is observed that under the second amendatory Act the one-year limitation period is applicable to all claims, and no reference to occupational diseases is made. The provision for a three-year period of limitations for occupational diseases is eliminated. This second Act, or amendment, now appears in the 1957 Supp. as an additional Sec. 43.

It is obvious that there can be but one Sec. 43. Both Acts purport to be complete and the second Act expressly provides that Sec. 43, "is hereby amended *to read as follows.*"

■ In Ratliff v. Cornelius, County Clerk, 49 Okl. 91, 151 P. 675, it is held in

the first paragraph of the syllabus as follows:

"Where a section, expressly amendatory of another section of a statute, purports to set out in full all that it is intended to contain, any matter which was in the original section, but not in the amendatory section, is repealed by the omission."

In our opinion the second Act completely obliterated the prior amendatory section as such. Therefore, we do not have two related statutes to construe for the purpose of arriving at the legislative intent as was the case in State v. Prairie Oil & Gas Co., 64 Okl. 267, 167 P. 756. Here we have only one statute on the subject which is the one last enacted and which does not contain the three-year provision. It is possible that the omission of the three-year provision in the second Act was unintentional since the Legislature left unchanged a provision in Sec. 24, which extends the time for giving notice of an injury caused by an occupational disease to eighteen months after the last hazardous exposure. But we cannot speculate as to the Legislature's unexpressed intention in the face of an unequivocal legislative enactment.

In People v. Lowell, 250 Mich. 349, 230 N.W. 202, 204, the court said:

"It is plain from the authorities in this state and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely, and substitute the new section in its place. This effect is not an arbitrary rule adopted by the courts. It is the natural and logical effect of an amendment 'to read as follows.' It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the Legislature." (Emphasis supplied.)

See also State v. Horner, 48 Okl.Cr. 141, 290 P. 197; Martinka v. Hoffmann, 214 Minn. 346, 9 N.W.2d 13; Skinner v. Davis, 156 Or. 174, 67 P.2d 176.

Furthermore, even if it were proper in this case to consider the legislative intent and assume that the Legislature intended to leave the three-year provision in force, we would have to ignore such intent for another reason. In Board of County Com'rs of Tulsa County v. Oklahoma Tax Commission, 202 Okl. 269, 212 P.2d 462, it was held that art. 5, § 57, of the Oklahoma Constitution, requires that when a section of an Act is amended, it must be complete within itself, so that when·published as amended it will contain all the law on the subject embraced within the section. Therefore, it is clear that regardless of what was intended the three-year provision is not now a part of Sec. 43, since it was not included in the last Act, which Act is complete within itself, as required by the Constitution.

In State ex rel. Gebhardt v. Superior Court for King County, 15 Wash.2d 673, 131 P.2d 943, 951, the court was confronted with a problem very similar to that in the instant case. In that case the court said:

"A legislative intention, not expressed in some appropriate manner, has no legal existence. Lewis' Sutherland Statutory Construction, p. 745. The legislature is presumed to know the principles of statutory construction."

The facts in the Washington case furnish a close parallel for our consideration in the case at bar. In that case the Legislature had passed two Acts upon the same subject matter during the same session of the Legislature, both providing that a certain section of the law should be amended "to read as follows." A new·provision contained in the first Act was omitted from the second Act. The two Acts were not inconsistent.

The Constitution of the State of Washington contained a provision (similar to Art. 5, § 57, of the Oklahoma Constitution) which provides, in substance, that no law can be amended by reference to its title but that such section amended must be set forth at full length. The Supreme Court of the

State of Washington held that the second Act effectively destroyed the first Act notwithstanding the fact that the two Acts were not inconsistent. The court said:

"So in the instant case, under our constitution there can be but one § 1, chapter 131, Laws of 1939, as amended.

"* * * it seems to us counsel has failed to distinguish between a case such as the instant one, where there was an attempt at the same session to twice amend a former act, both the amendments stating that the section amended is *'to read as follows,'* and a case such as the one cited, where it is claimed that subsequent, independent acts impliedly repealed a prior independent act. The rules governing the two situations, at least where a constitutional provision is present, such as in this state, are different, for, as we have said, whether there is in the added part contained in the amendment any inconsistency is not material, but the controlling element must be, what is the effect of the statute as last amended. If we could amend a section or act by merely adding a word, phrase or clause, then it seems to us counsel's argument would be sound, but under our constitution and the authorities cited, the act as amended is complete, and must contain all that is intended to be in the section as amended." (Emphasis supplied.)

■ Since the three-year provision was repealed by its omission from the second Act it follows that claims for occupational diseases must be filed within one year after the injury.

The Legislature specifically broadened the definition of the word "injury" so as to include occupational diseases. 85 O.S. Supp. 1957 § 3(7). However, we must determine when the injury shall be deemed to have been sustained for the purpose of ascertaining when the statute commences to run.

The Legislature has given significance to the expression "last hazardous expo-

sure." In 85 O.S.1951 § 24, as amended in 1953, it is provided that notice of injury shall be given within eighteen months from date of *last hazardous exposure.* In Sec. 10 of the 1953 amendment (85 O.S.Supp. 1957 § 1.1) it is provided that the provision for occupational disease coverage shall not apply to cases in which the *last injurious exposure* to the hazards occurred before the effective date of the Act. While the second amendment of Sec. 43, of Title 85, does not specify when the injury shall be deemed to have been sustained we think it is clear that the Legislature intended that limitations would begin to run from the date of the last hazardous exposure. Though not material to the facts in this case the rule might be different where hazardous exposures occur under two employers. 85 O.S.1951 § 11, as amended and supplemented in 1953 (85 O.S.Supp. 1957 § 11(3).)

■ In the case at bar the claim was filed December 4, 1956. Claimant alleged that the last injurious exposure to the hazard was in June of 1956, and there was some evidence to support this allegation. On the other hand it was also alleged that the last "disabling" exposure was in May of 1955, more than one year prior to the time the claim was filed. In this connection we observe that with reference to limitations the time commences to run from the date of the last hazardous exposure, and not the date of the last "disabling" exposure. The date of *disablement* is only material as to the question of when notice must be given. See 85 O.S.Supp. 1957 § 24.

The Commission failed to make a finding as to the date of last exposure to the hazard; therefore, we cannot determine whether the claim is barred by the one-year limitation provision.

■ The employer also pleaded that claimant failed to give the requisite notice. The Commission made no finding on this issue. Of course, if the Commission properly finds that the last exposure occurred more than one year prior to the filing of

the claim, it will not be absolutely necessary to pass on the question of notice. Otherwise, the Commission must make a finding on the issue of notice. Pine Valley Lumber Co. v. Robinson, 182 Okl. 234, 76 P.2d 1048. We suggest that the Commission make a finding on the issue of limitations and also on the issue of notice.

The order is vacated and the case is remanded to the State Industrial Commission for the purpose of making the necessary and proper findings, as hereinabove indicated, together with any other findings which it deems appropriate.

WELCH, C. J., CORN, V. C. J., and HALLEY, JOHNSON and WILLIAMS, JJ., concur.

BLACKBIRD, J., concurs in result.