**PITTSBURG PLATE GLASS COMPANY, a corporation, own risk, Petitioner,**

v.

**S. J. BRANSTETTER and the State Industrial Commission, Respondents.**

**No. 38246.**

Supreme Court of Oklahoma.

Oct. 21, 1958.

Rehearing Denied June 30, 1959.

Ernest W. Smith, Smith & Douglass, Henryetta, for petitioner.

John W. Russell, Jr., Wagoner, Koch & Woodliff, Henryetta, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On July 5, 1957, S. J. Branstetter, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while in the employ of Pittsburg Plate Glass Company he sustained an accidental injury arising out of and in the course of his employment in May of 1957.

The trial commissioner entered an award under the provisions for payment for silicosis, an occupational disease. This award was affirmed on appeal to the Commission en banc and this proceeding is brought by Pittsburg Plate Glass Company, own risk, hereinafter called petitioner, to review the award. The award in substance is as follows:

"That on or about November 27, 1956, claimant had been engaged in a hazardous occupation by the respondent herein for a period of 23 years, and had been, during such time, injuriously exposed to silica dust, from the inhalation of which claimant has contracted silicosis, which is an occupational disease compensable under the laws of Oklahoma when the same becomes permanently and totally disabling.

"That at the time of said disability, as hereinbefore set out, claimant's average wage was sufficient to fix his compensation rate at $28.00 per week.

"That as a result of said silicosis, claimant is permanently and totally disabled and is therefore entitled to $1000.00, plus $100.00 for each calendar month from and after June, 1953, to the month of disablement, November, 1956, being 40 months, or $4,000.-00, or a total of $5000.00."

The record discloses that claimant commenced work for petitioner on October 3, 1933, and with the exception of the year 1934 his employment with petitioner had been continuous. Prior to 1953 he was a helper on a cutoff machine on the cutoff floor of the petitioner's place of business. In January of that year he sustained an injury to his hand after which time he worked mostly outside the building used in connection with the making of glass. He quit work November 27, 1956. In his Form 3–B claimant stated that he was last injuriously exposed to the hazards of such disease in March of 1953. In the same form it is stated: "The first manifestation of said disease occurred on the ——— In the year 1951." And further in the form it is stated: "My incapacity from said disease began on the ——— day of May, 1957."

In his testimony claimant stated that he had his first manifestation of the disease in 1955. His counsel asked him about the statement as to the injurious exposure in 1953 and he stated that this statement was correct. He then stated, both to his counsel and on cross-examination, that between March, 1953, and November, 1956, he swept around the yard and in sweeping he swept under the tanks and walks on the outside of the building on the north side thereof; that in sweeping he was under the tanks the biggest part of the time but part of the time he swept inside the building.

■ Petitioner argues that since claimant made the statement that the last disabling exposure was in March, 1953, the claim is barred by the provisions of the amendatory act allowing recovery for occupational diseases, which act was effective June, 1953, since said act specifically provides it shall not apply to an occupational disease where the last disabling exposure was prior to the effective date of the Act. We are of the opinion, and hold, that if the last hazardous exposure was prior to June, 1953, the case does not come within the provisions of the Occupational Disease Act as provided for in 85 O.S.1951 § 43, as amended by Section 2 of the 1953 Legislative Act. However, if the last hazardous exposure was within one year prior to the filing of the claim it would not be barred by the statute of limitation.

In Parker v. Blackwell Zinc Co., Okl., 325 P.2d 958, 961, we considered the amendment to 85 O.S.1951 § 43. Therein it is stated:

"* * * In this connection we observe that with reference to limitations the time commences to run from the date of the last hazardous exposure, and not the date of the last 'disabling' exposure. The date of disablement is only material as to the question of when notice must be given. See 85 O.S.Suppl.1957 § 24."

■ This opinion was published and became final after the trial of the case we are now considering. Under the rule therein announced it is the duty of the State Industrial Commission to fix the date not of the last injury or disabling exposure, but the last hazardous exposure. We therefore do not pass on the sufficiency of the evidence to support the finding of the State Industrial Commission insofar as it grants an award. The evidence on the right of claimant to an award is in conflict. As suggested in Parker v. Blackwell Zinc Co., supra, the question of the failure to give the statutory written notice has been raised by petitioner and the State Industrial Commission should also make a finding on this issue.

The award is vacated and the cause is remanded to the State Industrial Commis-

sion with directions to proceed in accordance with the views herein expressed.

WELCH, C. J., and JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., and HALLEY, J., dissent.