**SOUTHWEST FACTORIES, INC., and Hardware Mutual Casualty Co., Petitioners,**

v.

**R. L. EATON, Respondent.**

No. 42876.

Supreme Court of Oklahoma.

April 29, 1969.

Ben A. Goff, Oklahoma City, for petitioners.

Carl E. Moslander, Oklahoma City, for respondent.

BLACKBIRD, Justice.

This is an original proceeding to review an award of disability compensation made by the State Industrial Court in its order of December 13, 1967, to respondent, R. L. Eaton, hereinafter referred to as "claimant", against Eaton's employer, Southwest Factories, Inc., and its insurance carrier, Hardware Mutual Casualty Co., hereinafter referred to as "respondents".

In said order, said Court found that claimant was employed by the respondent, Southwest Factories, Inc., for approximately 17 years; that he is a welder by trade and his work consisted of welding and assembling tanks and beating their heads with a sledge hammer. The Court further found:

"* * * that over said 17-year period, claimant while at work was constantly subjected to the noise of hammering on the tanks and other noises incident to the manufacture of tanks, some as large as ten thousand gallons; that the traumatic effect of the noise, created by such hammering on tanks and such other noises as emanated from said tanks incident to the manufacture thereof, aggravated, exacerbated, and accellerated a disease process condition of claimant's ears, resulting in total and permanent loss of hearing; that claimant's last exposure to such noise and trauma was on April 4, 1966.

"           –2–

"That claimant's claim for compensation was filed within year from the date of last exposure to the noise and trauma described above;

\*    \*    \*    \*    \*    \*."

At the trial, the respondents showed by the deposition of Dr. H, a specialist in otology, that he had examined claimant in September, 1958 (after claimant had been doing the above-described type of work for his employer approximately 9 years) and found that he could then "hear practically nothing without a hearing aid." When asked to "transpose" claimant's disability at that time into percentages, Dr. H, stated that he then had an 83 per cent loss of hearing in the right ear, and 90 per cent loss in the left one. Dr. H further deposed that he examined claimant again in 1959, and found that during the one-year period after his first examination, claimant had lost only 3 decibels of hearing in the right ear, "and the left ear remained the same." Expressing claimant's disability in terms of percentages at that time, Dr. H stated that it was then nearly 90 per cent. Dr. H further stated that when he examined claimant the last time, in 1967 (after his above-described "last exposure") his loss of hearing in both ears was 100 per cent, but that he had "fairly good discrimination" and that a hearing aid was "still satisfactory for him."

Claimant made no claim for Workmen's Compensation benefits on account of the

**1023**

above described disability until he filed his Form No. 3 in the State Industrial Court on October 6, 1966.

One of the questions presented in this proceeding is whether or not the subject claim is barred by the one-year period of limitation prescribed by Tit. 85 O.S.1961, § 43, in view of the above-described evidence of claimant's deafness as early as approximately 8 years before he filed it. Respondents contend that the claim is barred under previous decisions of this court, such as Stillwater Floral Company v. Murray, Okl., 380 P.2d 694, and Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652, while claimant relies upon Macklanburg-Duncan Company v. Edwards, Okl., 311 P.2d 250, as showing that an employee may claim workmen's compensation benefits for an "accidental injury", as there described, years after it was sustained.

We think respondents' position must be upheld. A basic element in the premise of claimant's argument is that his accidental injury occurred Feb. 4, 1966, which is referred to in the Industrial Court's order, in occupational-disease-nomenclature, as claimant's date of "last exposure"; but his brief denies any contention that he is suffering from an occupational disease and he relies, to support his award, upon the "constant trauma" of loud noises over a period of years on his job. Therefore, date of last exposure does not have the significance here that it has in occupational disease cases like Parker v. Blackwell Zinc Co., Okl., 325 P.2d 958 on the limitation issue.

Assuming, as the Industrial Court's order, and some of the evidence, indicate may have been the fact, that claimant's previous ailment of otosclerosis was aggravated, or its disabling effects intensified, by acoustic trauma from the loud noises to which claimant's work continually subjected him, according to Dr. H's deposition, this was discovered as early as 1958. This doctor deposed that it was then indicated to him that claimant "had worked around noise" and that it was then his opinion that this "was an aggravating or contributing factor to his condition." And, as hereinbefore indicated, it was established—at least as early as 1959—that claimant's disability of deafness was growing progressively worse. Dr. H also deposed that when he last examined claimant in 1967, he could determine no "new factors that would cause" claimant's hearing loss.

It is not disputed, on the basis of the evidence in this case, that claimant became aware that he was suffering a loss of hearing due, at least partially, to acoustic trauma several years before he filed his claim. As his brief expresses it: "Claimant knew what his employment was doing to his hearing, but was afraid he would lose his job if he requested medical attention from his employer." It is unfortunate that he then did not do so, or at least then file his claim for disability compensation. Under § 43, and Stillwater Floral Co. v. Murray, supra, and other cases interpreting and applying said statute, it is our opinion that the subject claim was barred by the one-year period of limitation when it was finally filed in 1966. Such issue was not raised, or treated, in Macklanburg-Duncan Company v. Edwards, supra. Our determination on this issue renders unnecessary any consideration of the arguments urged under respondent's first proposition for vacation of the award.

In accord with the foregoing, the award herein reviewed is vacated.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and McINERNEY, JJ., concur.

LAVENDER, J., concurs in result.