**Tom ,R. LUNSFORD, Appellant,**

v.

**INDIAN ELECTRIC COOPERATIVE, INC.,
et al., Appellees.**

**No. 44988.**

Supreme Court of Oklahoma.

March 27, 1973.

Jerry M. Melone, Tulsa, for appellant.

Burt, Seigel & Franklin by Richard F. Burt, Cleveland, for appellees.

BERRY, Justice:

On May 13, 1971, Lunsford, plaintiff, brought this action in the District Court of Pawnee County against Indian Electric Co-

operative, Inc., and its officers and trustees. The cooperative is a non-profit membership corporation organized under the Oklahoma Rural Electric Cooperative Act, Laws 1939, p. 256, paragraph 1, with its principal place of business in Cleveland, Oklahoma. Plaintiff is a member of the cooperative.

The Oklahoma Association of Electrical Cooperatives, Incorporated, a corporation composed of Rural Electric Cooperatives within the State of Oklahoma, was allowed to intervene in the action.

The question involved is whether 18 O. S.1971 § 437.20 conflicts with Article IX § 39, Oklahoma Constitution.

Section 437.20, which is applicable to rural electric cooperatives, provides:

"A cooperative may not sell, mortgage, lease or otherwise dispose of or encumber all or any substantial portion of its property unless such sale, mortgage, lease, or other disposition or encumbrance is authorized at a duly held meeting of the members thereof by the affirmative vote of not less than two-thirds (⅔) of all of the members of the cooperative, and unless the notice of such proposed sale, mortgage, lease, or other disposition or encumbrance shall have been contained in the notice of the meeting; provided, however, that notwithstanding anything herein contained, or any other provisions of law, the board of trustees of a cooperative, without authorization by the members thereof, shall have full power and authority to authorize the execution and delivery of a mortgage or mortgages or a deed or deeds of trust upon, or the pledging or encumbering of, any or all of the property, assets, rights, privileges, licenses, franchises and permits of the cooperative, whether acquired or to be acquired, and wherever situated, as well as the revenues and income therefrom, all upon such terms and conditions as the board of trustees shall determine, to secure any indebtedness of the cooperative to the United States of America or any instru-

mentality or agency thereof or to any corporation or financial institution authorized to assist in the credit and financial needs of rural electric cooperatives. * * *"

The parties stipulated that the National Rural Utilities Cooperative Finance Corporation [CFC] is a financial institution authorized by the United States Department of Agricultural and Rural Electrification Administration to assist in the credit and financial needs of rural electric cooperatives.

Plaintiff's petition alleges defendants are preparing to procure from CFC loans in excess of the bonded indebtedness of the cooperative as approved by the members of the cooperative. Defendants have not sought to have such loans approved by a majority of the members of the cooperative. Plaintiff requested a declaratory judgment providing that procuring financing through CFC in this manner is in violation of Article IX § 39, Oklahoma Constitution, and an injunction restraining defendants from proceeding to procure such financing without complying with the Constitution and Laws of the State of Oklahoma and the by-laws of the cooperative.

The trial court held that the cooperative and intervenors have the right, power and authority to acquire new indebtedness, refinance existing indebtedness, or in any other manner deal with indebtedness by following the provision of § 437.20, without referring those problems to the membership at large, and therefore refused to grant the injunction. In support of its decision the court found that (1) Article IX § 39, supra, is not applicable to Indian Electric Cooperative, Inc., and other similar public corporations and (2) Article IX § 39, as amended in 1968, is quite compatible with the Rural Electric Cooperative Act and amendments thereto in Title 18 of the Oklahoma Statutes.

Plaintiff appeals contending that under the Constitution of the State of Oklahoma any corporation, including public, private, and cooperative corporations, must obtain

the consent of a majority of its stockholders, interest holders, or members before it can validly increase its bonded indebtedness. In support of this contention he cites Article IX § 39, Oklahoma Constitution, as it existed prior to being amended in 1968. At that time the section provided as follows:

"No corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof, and all fictitious increase of stock or indebtedness shall be void, and the Legislature shall prescribe the necessary regulations to prevent the issue of fictitious stock or indebtedness. *The stock and bonded indebtedness of corporations shall not be increased except in pursuance of general law, nor without the consent of the persons holding the larger amount in value of the stock first obtained at a meeting to be held after thirty days' notice given in pursuance of law.*" [emphasis added]

He therefore contends that the provision in § 437.20, which authorizes a cooperative to increase its bonded indebtedness without acquiring the approval of a majority of its members, is violative of the emphasized portion of the constitutional provision.

Senate Joint Resolution No. 18, Okla. Session Laws 1968, p. 796, provides in part as follows:

"*A JOINT RESOLUTION DIRECTING THE SECRETARY OF STATE TO REFER TO THE PEOPLE FOR THEIR APPROVAL OR REJECTION A PROPOSED AMENDMENT TO THE OKLAHOMA CONSTITUTION, AMENDING SECTIONS 39, 41, and 43 OF ARTICLE IX THEREOF; AMENDING SECTION 39 TO RESTRICT THE ISSUANCE OF STOCK, OR EVIDENCE OF INDEBTEDNESS, OF CORPORATIONS; * * *

"SECTION* 1. Proposal to amend Art. IX, Secs. 39, 41, and 43

"The Secretary of State shall refer to the people for their approval or rejec-

tion, as and in the manner provided by law, the following proposed amendment to the Constitution of Oklahoma, amending Sections 39, 41, and 43, Article IX, Oklahoma Constitution, to read as follows:

"§ 39. Restrictions on issuance of stock

"No corporation shall issue stock except for money, labor done, or property actually received, at a stated value thereof, and the Legislature shall prescribe the necessary regulations to prevent the issue of fictitious stock or indebtedness."

This proposed amendment was referred to the people as State Question 458, Legislative Referendum 171, and was adopted at election held September 17, 1968.

Plaintiff contends that the amendment "simply changed a few words of the original provision and did not repeal the original provision."

Defendants contend that the constitutional provision does not apply to the cooperative and that "inasmuch as the Constitution was amended by the people in 1968 * * * the statute and Constitution are compatible and not conflicting."

In the first paragraph of the syllabus of Parker v. Blackwell Zinc Company, Okl., 325 P.2d 958, this Court held:

"Where an Act amends an existing section of a statute 'to read as follows,' and purports to be a complete section within itself, any matter which was in the original section, but not in the amendatory section is repealed by the omission."

Further in the opinion this Court quoted from People v. Lowell, 250 Mich. 349, 230 N.W. 202, as follows:

" 'It is plain from the authorities in this state and elsewhere that the effect of an act amending a specific section of a former act, in the absence of a saving clause, is to strike the former section from the law, obliterate it entirely, and substitute the new section in its place. This effect is not an arbitrary rule

adopted by the courts. It is the natural and logical effect of an amendment "*to read as follows.*" It accomplishes precisely what the words import. Any other construction would do violence to the plain language of the Legislature.' (Emphasis supplied.)"

Even though the cited cases dealt with amendments to a section of a statute, we conclude that the rule set forth therein is also applicable to an amendment to a section of the Constitution.

Therefore, we find and hold that the 1968 amendment to Article IX § 39, Oklahoma Constitution, repealed the second sentence of the original § 39, and there is no conflict between § 39, as amended and 18 O.S.1971 § 437.20.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.