AMERICAN AIRLINES, INC. and Seaboard Fire & Marine Insurance Company, Petitioners,

v.

Jack McCOMBS and the State Industrial Court, Respondents.

No. 49066.

Supreme Court of Oklahoma.

Oct. 19, 1976.

5. See 63 O.S.1971 §§ 1057, 1078, 66 O.S. 1971 § 51, Note 1, supra.

Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for petitioners.

Stipe, Gossett, Stipe & Harper, Gene Stipe and Carl Hughes, Oklahoma City, for respondent, Jack McCombs.

LAVENDER, Justice.

Petitioners, American Airlines, Inc. (respondent below) and Seaboard Fire & Marine Insurance Company (insurance carrier), seek review and vacation of an order awarding respondent, Jack McCombs (claimant below), compensation for 25% permanent partial disability for accidental injury caused from exposure to fumes and dust during course of hazardous employment.

Claimant worked for respondent some twenty-four years in a parts stock room in respondent's plant at Tulsa, Oklahoma. His duties included delivery of parts to designated points in certain hangers. As he traveled about respondent's facilities making these deliveries, he was exposed to fumes from paint shops, fumes from aircraft exhaust, and dust. Although there was some variance in the fumes, depending on where he worked, "one day was about like the other." He noticed his breathing had been somewhat affected for about three years prior to February 6, 1975. That day he became sick. He did not return to work the next day. He was examined by Dr. B. on February 11, 1975, and found to have chemical bronchitis, early emphysema, and early pulmonary fibrosis as a result of the dust and fumes at his work. Conflicting medical report of Dr. F., introduced by petitioners here, found no disability from any pulmonary problem. The trial court entered an award for claimant of twenty-five percent (25%) disability to the body as a whole. Petitioners seek reversal.

Petitioners argue (1) claim barred by 85 O.S.1971, § 43, and (2) trial court's finding of aggravation by fumes and dust of bronchitis, emphysema, and pulmonary fibrosis is not sustained by competent medical evidence.

McCombs, through part of his deposition introduced into the trial record and cross-examination, admits he has been aware of the fumes having an effect on his breathing for about three years prior, but that it became worse during the last part of his employment. Petitioners cite authority where the limitation period begins to run from the date of the injury resulting from a particular or isolated event. This is not the case here. Those authorities are not controlling.

Petitioners also rely on *Southwest Factories, Inc. v. Eaton*, Okl., 453 P.2d 1021 (1969). There claimant suffered a hearing loss. This was caused by constant loud noises in the shop. After working there about nine years, he knew of this loss, through medical testing. At that time, he had suffered an accidental injury. At that time, he was aware of its effect. He waited about another nine years before

filing a claim. In barring his claim under the one-year limitation period provided by § 43, this court said:

"A workman who is aware, or should be aware, of some effect produced by the accidental injury may not await the expiration of the limitation period to assert his right to compensation."

The awareness goes not only to "some effect." The awareness must go to "some effect produced by an accidental injury."

 *Macklanburg-Duncan Company v. Edwards,* Okl., 311 P.2d 250 (1957) does not require "accidental injury" to result entirely from one particular event. It may be the cumulative effect of trauma, or casualty, occurring at different times and over an extended period. There claimant's work required him to rub down boards with steel wool. He had injury to nerve endings in the fingers caused by prolonged pressure. He had held this job for eight years. He experienced burning and difficulty in that hand for the last three years.

In *Southwest Factories, Inc., supra,* the claimant became aware of the effects (loss of hearing) produced by accidental injury (constant exposure to loud noises) and then failed to file for another nine years. These are not the circumstances here. McCombs' awareness of "some effect produced by accidental injury" became complete only after February 6, 1975. It was after that episode and the subsequent medical examination he became aware of some effect to his lungs caused by cumulated exposures to fumes at his work. This completed awareness of both an effect and its cause through an accidental injury cannot be dated prior to February 6, 1975, under the circumstances of this case. McCombs filed his claim February 11, 1975. His claim is not barred under § 43.

The medical evidence to sustain the award comes from Dr. B.'s report. He finds McCombs has a permanent disability from chemical bronchitis, early emphysema, and early pulmonary fibrosis resulting from dust and fumes at his work. The trial court found an aggravation of that medical condition. That finding of aggravation is incorrect, but there is sufficient medical evidence to sustain the award. The order here reviewed is modified accordingly.

Award sustained and order modified.

All of the Justices concur.