**NATIONAL TANK COMPANY, a corporation, Own Risk, Petitioner,**

v.

**Claude BARNFIELD and State Industrial Court, Respondents.**

**No. 49334.**

Supreme Court of Oklahoma.

Dec. 14, 1976.

Rehearing Denied Jan. 31, 1977.

Sanders, McElroy & Carpenter by Jerry H. Holland, Tulsa, for petitioner.

Donald L. Henderson, Tulsa, for respondents.

IRWIN, Justice:

National Tank Company, an own risk insurer under the Workmen's Compensation Act, hereinafter referred to as respondent, seeks review of an award for total permanent disability made in favor of Claude Barnfield (claimant).

One of the issues presented to the State Industrial Court was respondent's contention that claimant's claim filed May 20, 1974, was barred by the one year statute of limitations [85 O.S.1971, § 43].

The trial judge found claimant's accidental injury was "due to exposure to loud noise over a period of years which either caused or aggravated a pre-existing condition to his ears. That claimant's last injurious exposure was on January 4, 1974, and that claimant's claim was filed within one year."

Claimant commenced employment with respondent in 1966 as a welder, fabricating metal tanks which respondent manufactures. Claimant's work required that he perform his duties in a high noise level environment. Often claimant welded on the inside of tanks while fellow employees removed excess welding material from the outside with metal sanders and sledge hammers. Claimant used ear plugs.

Claimant testified that noise in the factory bothered him when he first started to work. In 1967, or the early part of 1968, which was approximately a year or a year and a half after claimant commenced his employment with respondent, the banging noise first started affecting him. He said he kept his ears as clean as he could and went right on working. In the early part of 1970, claimant for the first time consulted a physician, Dr. C. Claimant complained to Dr. C. that he had begun to experience dizzy spells and that they had recently become severe. Dr. C., not being an ear specialist, informed claimant that he was unable to help claimant but would refer him to a specialist, Dr. F.

Claimant first saw Dr. F. in September, 1970. Claimant gave Dr. F. a history of his hearing problems and related dizzy spells.

When claimant told Dr. F. of his working conditions and the banging noises, Dr. F. said, according to claimant's testimony, that noise "was bad for my problem." Dr. F. diagnosed claimant's problem as Meniere's disease, a condition of the inner ear ultimately resulting in deafness and impairment of the balance mechanism of the inner ear or ears affected. Dr. F. prescribed medication for claimant and suggested that he find quieter working conditions, although not necessarily suggesting claimant find other employment. Claimant told his foreman at National Tank that he needed a quieter place to work, but was informed that there was "no quiet place at National Tank."

Claimant testified he saw Dr. F. again in November, 1972, and "I told him that my problem was a lot worse, that the dizzy spells had gotten real bad . . . and he suggested I get another job." Claimant told his foreman that Dr. Fuller had requested that he take a job with a less noisy environment and produced a note sent by Dr. F. Claimant testified it was then "decided I could do the floor work and the inside work to stay out of the way where I wouldn't be climbing and be in a hazardous position." Accommodations on claimant's working conditions were mainly designed to reduce risk to claimant arising out of his periods of dizziness. Claimant saw Dr. F. again in January, 1973.

Claimant's condition continued to get progressively worse and in October, 1973, Dr. F. performed surgery intended to alleviate claimant's dizziness. At approximately the same time, Dr. F. recommended that claimant seek other employment. Claimant returned to work with respondent, experiencing some relief from his prior episodes of dizziness. Not long after his return to work, claimant's symptoms returned and he terminated his employment January 4, 1974, in order to have additional surgery.

Claimant seeks to uphold the award on the theory that an accident does not have to occur at any one single point in time but may be the cumulative effect of trauma or casualty occurring at different times over an extended period. Claimant relies on *Macklanburg-Duncan Company v. Edwards,* Okl., 311 P.2d 250 (1957).

Respondent contends that the case of *Southwest Factories Inc. v. Eaton,* Okl., 453 P.2d 1021 (1969), is analogous with the facts in the case at bar. In that case Eaton (claimant), a welder by trade worked for Southwest Factories for approximately 17 years. His work consisted of welding and assembling tanks and he suffered a hearing loss from continuous exposure to loud noises and traumatic vibrations. The evidence showed that claimant knew of his deteriorating ability to hear several years before filing his claim but was afraid he would lose his job if he requested medical attention. We vacated the award on the grounds the claim was barred by the one year limitations.

The court also noted in the above case that the date of last exposure did not have the significance in accidental injury cases as it has in occupational disease. See also, *Parker v. Blackwell Zinc Co.,* Okl., 325 P.2d 958 (1958).

Claimant points out that he is not claiming compensation for loss of hearing but contends that if the cumulative effect of trauma or casualty came into being or became medically measurable sometime within the one year period immediately preceding filing his claim, then such would be compensable. The crux of claimant's argument is that until he had his first operation on October 1, 1973, he was justified in believing that his condition or disease would go into remission or that surgery would relieve him of his disability.

Although claimant may have had his last injurious exposure on January 4, 1974, the day he severed his employment with respondent, the record will not sustain the finding that his claim was not barred by the one year period of limitations.

Claimant first noticed that the loud noise affected him about a year or a year and a half after he first started to work for respondent. He didn't consult a doctor until his dizzy spells got severe and he saw Dr. C. the first part of 1970 and Dr. C. told him he

couldn't do anything for him. Claimant told Dr. F. in September, 1970, that he was having a hearing problem and had severe dizzy spells. In November, 1972, claimant's problems became worse and Dr. F. suggested claimant get another job with a less noisy environment. Claimant was assigned to ground level work. Claimant filed his claim for compensation on May 20, 1974.

The record conclusively shows that for more than one year prior to May 20, 1974, the date claimant filed his claim, claimant knew that his working conditions had a deteriorative affect upon his health, and that the loud noises and traumatic vibration had produced an accidental injury or at least aggravated a preexisting condition. Not only did claimant know about the disability but respondent attempted to let claimant work in an environment with less noise. Claimant's claim for compensation was barred by the one year period of limitations.

Award vacated.

DAVISON, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, C. J., and HODGES, V. C. J., dissent.