**ESMARK/VICKERS PETROLEUM and Royal Globe Insurance Company, Petitioners,**

v.

**Milburn J. McBRIDE and the State Industrial Court, Respondents.**

**No. 50200.**

Supreme Court of Oklahoma.

Oct. 18, 1977.

Gary W. Sleeper, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for petitioners.

Michael G. Winchell, Sokolosky & Becker, Oklahoma City, Larry Derryberry, Atty. Gen. of the State of Oklahoma, for respondents.

WILLIAMS, Justice.

Esmark/Vickers Petroleum Company, and insurer, hereinafter called respondents, seek review and vacation of a trial judge's order, affirmed on en banc appeal, awarding permanent partial disability compensation to respondent, hereinafter called claimant, for binaural hearing loss by noise exposure during covered employment in respondent's refinery.

Claim for compensation, filed January 23, 1976, alleged hearing loss in both ears from exposure during 25 years employment. The last date of exposure was December 29, 1975, when claimant retired.

Respondent denied occurrence of accidental injury or that claimant suffered any disability. The answer specifically alleged: (1) lack of statutory notice which resulted in prejudice, 85 O.S.1971 § 24; (2) claim for compensation was barred by statute of limitations, 85 O.S.1971 § 43.

Upon hearing, some jurisdictional and evidentiary matters were stipulated. Claimant had been employed for 25 years, the last 17 years having been in the alkalization unit. In this area there were numerous high speed, electric motors which emitted high pitched sound, steam powered engines which made little noise, and a blower outside the control room which made a loud noise. Claimant's duties required his presence in the noisy areas 3 to 4 hours per day checking the motors and taking samples. No ear plugs or other type ear protectors were available. When standing two or three feet apart in the alkalization unit claimant could hear another person speak but could not understand what was said.

After arriving home from work at night there would be a roaring in claimant's ears. His wife had to speak loudly for him to understand. Claimant first noticed this 4 to 5 years before retirement. Just prior to retirement hearing worsened, and if two people in a room were talking simultaneously claimant could not understand them. Claimant did not really notice difficulty until just before retirement, and did not know this really was hearing loss. Within a few days following retirement the roaring in claimant's ears stopped but hearing did not return.

Medical report and deposition testimony of Dr. A. was discussed by claimant's counsel but not introduced in evidence. Respondents offered in evidence report of audiometric evaluation from Dr. R. Claimant was stated to have sustained hearing loss of 47% in left ear and 50% in right ear, which constituted 48% bilateral hearing loss. Application of age correction factors were said to have reduced this to 27%.

The trial court ordered independent examination of claimant by Dr. S., an otorhinolarynologist. From physical examination and audiometric evaluation claimant was said by this doctor to have classical sensorineural hearing loss of 37.5% to his right ear and 52.5% to his left ear. These findings it was said resulted in 40% binaural hearing loss, considered to have resulted from occupational noise exposure.

The trial court found claimant had sustained permanent partial disability of 37.5% loss of hearing in right hear, and 52.5% loss of hearing in left ear. Compensation was awarded for 90 weeks ($4,500). This adjudication was affirmed by State Industrial Court en banc.

Three contentions are presented as grounds for vacating this award. The first asserts the evidence as a whole affirmatively establishes this claim was barred by one year limitation provided by § 43, supra, and cases applying to this statute. Briefly stated, respondents urge the one year limitation on filing claim begins to run the day claimant is, or should be aware of injurious effects of exposure to trauma (noise). *South-*

*west Factories, Inc. v. Eaton*, Okl., 453 P.2d 1021; *National Tank Co. v. Barnfield*, Okl., 559 P.2d 437. And, say the respondents, the present case is distinguishable from these decisions only in that claimant did not seek medical attention during employment, but after retirement.

Claimant testified to having experienced roaring noise in his ears upon returning home from work for about four years, and having had difficulty hearing conversation when more than one person was speaking. Medical attention was not sought because of belief this would abate after retirement. Respondents insist the material issue is not when claimant learned of hearing loss, but rather when injurious effects of exposure were discovered. Thus, they urge that when claimant first discovered the roaring and decreased hearing ability the right to claim compensation arose, and although not having lost any part of his hearing at that time, the statute began running against availability of the remedy immediately upon this recognition.

This reasoning is unpersuasive. Any physical inconvenience experienced during work performance, i. e., coughing induced by dust exposure, burning sensation of finger tips or temporary muscular pain induced by exertion or fatigue would require self-diagnosis as to the nature and possible future effects. Recognition of any untoward occurrence without knowledge, or means of knowledge, as to possible future effects would necessitate filing claim for compensation to avoid risk of bar of the statute. Both the reasoning and conclusion are invalid for reasons hereinafter discussed, and it is unnecessary to distinguish cases cited to support this argument, i. e., *Southwest Stone Co. v. Washington*, Okl., 381 P.2d 872.

Our decisions have long recognized compensation may be awarded for injury resulting from cumulative effect of a series of minor accidents, where disability results from trauma, or an external force distinguished from systemic reaction of internal origin. *Macklanburg-Duncan Co. v. Edwards*, Okl., 311 P.2d 250. Principles appli-

cable to cumulative effect injuries, as distinguished from single trauma accidents, recently were precisely delineated in *Munsingwear, Inc. v. Tullis,* Okl., 557 P.2d 899.

■ The present case is analogous to our recent expression in *American Airlines, Inc. v. McCombs,* Okl., 555 P.2d 1028. That decision succinctly explains "awareness", as mentioned in *Southwest Factories, Inc. v. Eaton,* supra. Awareness goes not only to some effect, but also must go to some effect produced by an accidental injury. Claimant was aware a roaring sound in his ears created some hearing difficulty at home. He was not aware actual hearing loss had been sustained until after employment terminated. The roaring in his ears ceased but hearing did not return. Claimant then sought assistance and audiometric testing disclosed loss of hearing and need for a hearing aid. At that time claimant was aware of cumulative effects of work related noise exposure, and this completed awareness of both effect and cause through an accidental injury. Claim for compensation was filed January 23, 1976. The cause for injury for which compensation was sought cannot be dated prior to January, 1976.

Apparent dissimilarity between the present case and factual matters in cases typified by *Southwest Factories, Inc. v. Eaton,* supra, and *National Tank Co. v. Barnfield,* Okl., 559 P.2d 437, make those decisions inapplicable.

In *Munsingwear, Inc. v. Tullis,* supra, at 903 we said:

"Under the circumstances of a cumulative effect accident, the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a "defect" or "ill-effect" caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. It is then, the limitation period of one year begins to run under § 43, supra. It is then, the accident has occurred and carries with it the accompanying injury. At that point in time, the cumulative acci-

dent is no different than the single event accident from a limitation issue."

This reasoning was basis for rules stated in syllabus paragraphs 2 and 3, which hold:

"Statute of limitation issues under 85 O.S.1971, § 43 ordinarily are mixed question of fact and law. Factual determinations thereunder made by the Industrial Court will not be independently reviewed by this court, if reasonably supported by the evidence. As a conclusion of law, application of this section on limitation issues is reviewable by this court."

"For determination of statute of limitation issue under 85 O.S.1971 § 43 in cumulative effect accidents, the accidental injury occurs on claimant's awareness, or discovery, of a "defect" or "ill effect" caused to the claimant; and on claimant's awareness, or discovery, that effect is causally connected with his employment."

The rules announced in *Munsingwear v. Tullis,* supra, and *McCombs,* supra, are applicable and control the present case. The trial tribunal correctly determined this claim for compensation was not barred by the one year statute of limitations prescribed under § 43, supra.

The second contention relates to trial court alleged error in excusing claimant's failure to give statutory notice required by § 24 of the Act, and in finding respondent was not prejudiced thereby. A substantial portion of the argument is leveled against State Industrial Court authority to promulgate Rule 21, upon grounds application of the rule casts upon respondent a burden of showing lack of prejudice, contrary to meaning of the statute.

■ A defense urged by respondent was that claimant failed to give notice of injury. Where failure of statutory notice is raised as an affirmative defense, it is incumbent upon trial tribunal to make a finding excusing lack of notice before entering an award. Failure in this respect requires vacation of an award and remand of the cause for determination of this issue. *City*

*of Oklahoma City v. Alvarado,* Okl., 507 P.2d 535. Here a finding excusing the giving of notice was made.

Although asserted as a defense in their answer, respondents claimed lack of notice was bottomed upon the premise claimant knew of injury long prior to termination of employment on December 29, 1975. The record does not support this argument. Within ten days after employment terminated, claimant sought medical help, and learned of his loss of hearing. Claim for compensation was filed January 23, 1976, or within 30 days after awareness of injury. Its filing constituted the giving of notice under the facts of this case. 85 O.S.1971 § 24. Argument concerning failure to give notice is negated by the record. This makes it unnecessary to further discuss arguments relating to lack of notice of injury.

Although trial court adjudication of disability resulting from accidental injury was correct, this award must be vacated and the cause remanded for further proceeding. From competent medical evidence the trial court found 37.5% loss of hearing in the right ear, and 52.5% loss in the left ear. The medical evidence, however, evaluated combined disability as 40% binaural hearing loss. It appears the trial court accepted medical evidence evaluating hearing loss in each ear, treated each as a separate injury, and awarded compensation upon basis of total disability of 100 weeks for each ear. The award based upon this interpretation of § 22(3) was incorrect. Permanent partial disability in both ears resulting from accidental injury is compensable upon the basis of 200 weeks specified by statute. *Bama Pie, Inc. v. Roberts,* Okl., 565 P.2d 31.

The order adjudicating compensability resulting from accidental injury is sustained. The award is vacated in respect to determination of extent of permanent partial disability, and the cause remanded for further proceedings consistent with the views expressed.

LAVENDER, V. C. J., and DAVISON, IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.

HODGES, C. J., and SIMMS, J., concur in result.