Donovan I. EATON, Appellant,

v.

**HERMAN VAN NOY DRILLING, Appellee.**

No. 54557.

Supreme Court of Oklahoma.

Dec. 15, 1981.

Buck, Merritt & Hoyt, Oklahoma City, for appellant.

Jim W. Lee, Oklahoma City, for appellee.

LAVENDER, Justice:

This is an appeal from an order of the Workers' Compensation Court sitting en banc determining that Donovan I. Eaton, as claimant, was barred from prosecuting a claim against the respondent, Herman Van Noy Drilling Company. The order of the Workers' Compensation Court sitting en banc found that the claimant had suffered the injury complained of in October or November of 1977, and his claim for compensation was not filed with the Workers' Compensation Court until March 5, 1979. That court therefore found and determined the claim to be barred by the running of the statute of limitations and thus the finding of the trial judge was reversed and the claim denied. It is from this ruling that claimant appeals.

Claimant was employed by respondent as a water well driller for a period of eight years prior to his termination in February or March, 1979. His work involved operating a drilling rig, casing and cementing

wells, and laying surface pipe. The surface pipe claimant was required to lift weighed between 200 and 300 pounds per length. In setting this pipe, claimant would prop the pipe on his shoulder and stand it up, then carry it to the well hole where he slid the pipe into the hole. Such weight and exertion put considerable strain on claimant's upper arm and shoulder, and resulted in minor pain and occasional discomfort in his shoulder. The pain characteristically subsided and went away in a day or two. Claimant made no report of his recurring pain and discomfort and lost no work as a result thereof until the 10th day of August, 1978, upon which date he experienced a burning and crushing sensation in his shoulder while he was engaged in standing the pipe on his shoulder. Having a doctor's appointment on that day for an unrelated injury, he asked the doctor to examine and treat his shoulder injury and took the rest of the day off from work. The shoulder got progressively worse and claimant was terminated upon his reporting to respondent that he could no longer do the work because of his shoulder.

A Form 3 was filed March 6, 1979, which claimed accidental injury occurred August 10, 1978. The trial court found the claimant was injured on August 10, 1978; that the statute of limitations did not bar claimant's recovery; that respondent had knowledge of the facts surrounding the injury and was not prejudiced by claimant's failure to give respondent the thirty day written notice as provided by statute. Permanent partial disability was awarded, temporary total was denied, and the trial judge found that the claimant was in need of additional medical treatment.

Claimant appealed this decision of the trial judge insofar as the order failed to award sums for past temporary total disability benefits. Respondent and insurance carrier appealed to the court en banc alleging that the trial judge's order was not supported by competent medical evidence, that the same was contrary to the evidence,

and alleging the bar of the statute of limitations.

Section 43 of the Workers' Compensation Act (85 O.S.Supp.1977) provides, insofar as it is pertinent to the issues in this case:

> "The right to claim compensation under the Worker's Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator * * *."

■ Statute of limitations issue is ordinarily a mixed question of law and fact. We held in *Munsingwear, Inc. v. Tullis,* Okl., 557 P.2d 899 (902) (1976): "If the issue under § 43, supra, depends upon a question of fact, and the trial tribunal has heard evidence thereon, its findings on that fact issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made. As a mixed question of law and fact, and even though the factual determination will not be independently reviewed in this court if reasonably supported by the evidence, application of § 43 so as to bar a claim and thereby determine the issue is a conclusion of law. As a conclusion of law, it is reviewable in this court." In accord, see *Smedley v. State Indus. Court,* Okl., 562 P.2d 847 (1977).

Here, the facts are not in dispute. And whether the undisputed facts establish the bar of limitations is a conclusion of law.

The sole question presented on appeal is whether under the facts in the case before us claimant filed a claim for compensation "within one year after the injury" within the meaning of 85 O.S.Supp.1977, § 43.

In the case of *Macklanburg-Duncan Company v. Edwards,* Okl., 311 P.2d 250 (1957) we held that an "accidental injury" within the meaning of the Act need not necessarily result entirely from one particular event. It may be the cumulative effect of trauma, or casualty, occurring at different times and over an extended period. There claimant's work required him to rub down boards

with steel wool, resulting in injury to the nerve endings in his fingers caused by prolonged pressure. Claimant had worked at this job for eight years and experienced burning and difficulty in his hand for the last three years of employment.

In *American Airlines, Inc. v. McCombs*, Okl., 555 P.2d 1028 (1976) this court further elucidated in holding that the one year limitation period provided by § 43 begins to run when the workman or claimant is or should be aware of some effect to his body and its cause through accidental injury.

In *Munsingwear, Inc. v. Tullis*, Okl., 557 P.2d 899 (1976) we said (903):

"Under the circumstances of a cumulative effect accident, the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a 'defect' or 'ill effect' caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job. It is then, the limitation period of one year begins to run under § 43, supra. It is then, the accident has occurred and carries with it the accompanying injury. At that point in time, the cumulative accident is no different than the single event accident from a limitation issue."

In accord, see *Esmark/Vickers Petroleum v. McBride*, Okl., 570 P.2d 951 (1977).

In the case before us, it was not until August 10, 1978, that the cumulative effect of the recurrent job-related trauma to claimant's shoulder made him aware of an ill effect which was causally connected with his job, and that date being within one year prior to the filing of his worker's compensation claim, his claim is not barred by limitations within the meaning of § 43 of the Workers' Compensation Act.

The case is therefore reversed and the order of the trial judge is hereby reinstated.

BARNES, V. C. J., and HODGES, SIMMS, DOOLIN and OPALA, JJ., concur.

IRWIN, C. J., and HARGRAVE, J., dissent.