**CITY OF TULSA and Own Risk, Petitioners,**

v.

**Jack L. HEMINGER and Workers' Compensation Court, Respondents.**

**No. 62871.**

Court of Appeals of Oklahoma, Division No. 2.

April 23, 1985.

Rehearing Denied June 5, 1985.

Certiorari Denied Oct. 8, 1985.

Released for Publication by Order of the Court of Appeals Oct. 11, 1985.

Steven Vincent, Asst. City Atty., Tulsa, for petitioners.

Richard A. Bell, Norman, for respondents.

MEANS, Judge.

City appeals from a decision of the three-judge panel of the Workers' Compensation Court affirming the trial judge's finding that Heminger sustained an accidental injury arising in the course of his employment. City contends that the claim was barred by the statute of limitations. Having reviewed the record and applicable law, we affirm.

Worker Jack Heminger was employed as a firefighter for the City of Tulsa for a little over twenty-two years. In May 1980, he retired because he was having difficulty with his hearing. As Heminger explained, "this is the reason why I retired from the department, on account of my hearing." Worker stated that his hearing worsened after he retired.

In October 1983, Heminger filed a Form 3, asserting that he had a permanent hearing loss attributed to his work as a firefighter. In November 1983, at the advice of his attorney, he first had his hearing tested. The audiologist who examined Heminger found that he had a ten percent binaural hearing loss which was not treatable. The audiologist recommended a hearing aid.

The City raised the statute of limitations in its answer, asserting that Worker had not filed his claim within the limitation period provided in 85 O.S.1981 § 43. City asserted that Heminger knew he had a hearing loss which was directly related to his work when he retired in May 1980. Heminger did not file his claim until October 1983, after his hearing had worsened considerably.

The trial judge found that the claim was not barred by the statute of limitations. The judge determined that Heminger had sustained a permanent hearing loss of ten percent due to repeated trauma to his ears caused by his work as a firefighter. On appeal to the three-judge panel, the award was affirmed. The panel also established interest on the award at the rate of eighteen percent from the date of the award as provided in 85 O.S.1981 § 3.6.

City has appealed, asserting that the claim was barred by the statute of limitations because Heminger knew or should have known of his injury at the time of his retirement in 1980. City also appeals from the rate of interest established by the three-judge panel, asserting that the interest rate is that of ten percent set out in 12 O.S.Supp.1984 § 727.

■ Statute of limitations issues arising under 85 O.S.1981 § 43, ordinarily are mixed questions of fact and law. Factual determinations made by the Workers' Compensation Court will not be reversed by this court if reasonably supported by the evidence. However, as a conclusion of law, application of section 43 is reviewable by the appellate court. *Munsingwear, Inc. v. Tullis*, 557 P.2d 899, 900 (Okla.1976).

In cases involving cumulative effect accidents such as hearing loss, the Oklahoma Supreme Court has established a two-part test in order to determine when the statute of limitations begins to run. First, the accidental injury occurs when a worker becomes aware of or discovers that he suffers from some defect or ill effect. Furthermore, the worker must be aware of or discover that this effect is causally connected with his employment. It is at that time that the statute of limitations begins to run. "It is then, the accident has occurred

and carries with it the accompanying injury. At that point in time, the cumulative accident is no different than the single event accident from a limitation issue." *Munsingwear*, 557 P.2d at 903.

■ By Heminger's own statements, he knew he had hearing difficulties at the time he retired. Heminger admitted that he was suffering from tinnitus in May 1980 when he retired. However, when questioned as to what he thought had caused it, Heminger stated, "I'm no doctor, I just figured it was old age." Heminger further stated that the first time he realized that his hearing loss was attributable to his job was when Dr. Rowland examined him in November 1983.

City relies on *Munsingwear* and *Esmark/Vickers Petroleum v. McBride*, 570 P.2d 951 (Okla.1977), in support of its contention that Heminger knew or should have known at the time of his retirement that he had a hearing loss caused by his exposure to noise. In *Esmark* the worker had experienced problems with his hearing for approximately four years prior to his retirement. The worker testified that he had not made a connection between his hearing loss and his employment until after his retirement when the ringing in his ears stopped, but his hearing did not return. The worker sought medical care and was told his hearing loss was directly related to his past employment. The court found that a worker's awareness of his injury, for purposes of the statute of limitations, occurred when the worker knew that his injury was related to his employment. The court stated, "Awareness goes not only to some effect, but also must go to some effect produced by an accidental injury." *Id.* at 954.

In *American Airlines, Inc. v. McCombs*, 555 P.2d 1028 (Okla.1976), the court dealt with the question of when a worker becomes "aware" of his injury. McCombs worked in American Airlines' parts stock room. In making deliveries to certain hangars, he was exposed to numerous types of fumes and dust. Although McCombs admitted that for approximately three years he had been aware of the fact

that the fumes had an effect on his breathing, he was not aware of an accidental injury until he consulted a physician. The court determined that the statute of limitations did not begin to run until McCombs knew of the causal connection between his disability and his employment. The court distinguished cases where a worker has been informed that his work and his injury are related and then continues to work without filing a claim for compensation.

In the instant case, Heminger admitted that he knew he was exposed to high levels of noise during his employment. Heminger stated that he retired because he was having problems hearing orders and directions. He stated that not until his attorney recommended an examination did he make the connection to his work. From the evidence presented, the trial court and the three-judge panel, could have determined that Heminger did not know of the causal connection between his injury and the exposure to noise in his work until he was examined in November 1983.

■ City also appeals from the three-judge panel's order setting interest at eighteen percent as specified in 85 O.S.1981 §§ 3.6 and 42. City asserts that interest is governed by 12 O.S.Supp.1984 § 727. City points to language in section 727, amended in 1984, which deleted the exception for judgments from the Workers' Compensation Court.

■ As Worker points out, a special statute which sets forth a specific requirement controls over a general statute. *Independent School District No. 1 of Tulsa County v. Board of County Commissioners*, 674 P.2d 547, 550 (Okla.1983). Furthermore, there is a strong presumption against implied repeals. *In re Lewis' Adoption*, 380 P.2d 697, 700 (Okla.1963).

In *Cassidy v. Dielsen*, 560 P.2d 188, 190 (Okla.1977) (emphasis added), the court established: "A final decision or award of the State Industrial court does not have the same force *nor is it subject to the same law* as judgments of the District Court until the State Industrial Court orders 'a

certified copy of the award to be filed in the office of the Court Clerk of any County'" pursuant to 85 O.S.1981 § 42. The court stated that until a copy of the decision or award is filed in the office of the court clerk, "it is not governed by any general statutory provision relating to judgments of courts of record." *Id.* at 190.

Clearly the deletion of the exception for orders of the Workers' Compensation Court was merely to clarify that the rates of interest set out in 12 O.S.Supp.1984 § 727, would apply to those orders *once they were filed in district court.* If the legislature intended to repeal the statutory rate of eighteen percent for workers' compensation awards, it took no effective steps to do so. Both 85 O.S.1981 §§ 3.6 and 42 place the interest rate on awards of compensation at eighteen percent.

From the evidence present below, the court could have found that Heminger did not connect his injury to his exposure to noise during his employment until he was examined in 1983 after he retired. The order of the three-judge panel affirming the trial judge is supported by competent evidence and is affirmed.

REIF, P.J., and BACON, J., concur.