## INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. CROWN et al.

No. 23029.   Opinion Filed June 21, 1932.

Clayton B. Pierce and A. M. Covington, for petitioners.

Murphy & Colley and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J.   This is an original action to review an award of the State Industrial Commission made on the 10th day of October, 1931, in favor of Elvin Crown against the Indian Territory Illuminating Oil Company, respondent, and Aetna Life Insurance Company, insurance carrier.

Elvin Crown claims that while in the employment of the Indian Territory Illuminating Oil Company as a "roustabout," he was hit in the side with a piece of pipe which caused a hernia. That the injury occurred on or about the 7th day of January, 1927. There is some dispute in the record about the age of the claimant. On January 17, 1927, his parents signed a minor's release, in which they consented that their son, Elvin Crown, 19 years of age, might engage in the employment of the Indian Territory Illuminating Oil Company. The employment card of Elvin Crown gives his age as 19 and the date of birth as September 13, 1905. However, his father testified he was born September 13, 1909. There is no dispute in the briefs that he was a minor under 21 years of age at the date of the alleged injury. On July 11, 1928, claimant filed a claim for compensation with the State Industrial Commission and the same was set for hearing at city hall, Seminole, Okla., at 9 o'clock a. m., on July 19, 1928. On August 1, 1928, the Industrial Commission entered the following order:

"Now, on this the 1st day of August, 1928, the above cause comes on to be determined pursuant to a hearing held in Seminole, Okla., on July 19, 1928, at which hearing the claimant, although served with due and legal notice, did not appear. Respondent and insurance carrier were represented by J. D. Ford. The Commission, after examining the records on file and being otherwise well and sufficiently advised in the premises, finds: That this cause should be dismissed for want of jurisdiction.

"It is therefore ordered: That this cause be, and the same is hereby dismissed for want of jurisdiction."

The claimant states that he went to Seminole, Okla., on the day the case was set for hearing there, and while attempting to locate the room in which the hearing was to be held the cause was dismissed for want of jurisdiction. He did not file a motion to set aside the order of dismissal, demand a hearing, nor commence proceedings to review the order of the Commission in this court within 30 days after the order of dismissal or at any other time. The claimant had completed the seventh grade and there is no claim made that he was not mentally competent. On May 18, 1931, he filed a second claim for compensation in which he alleges the facts practically the same as in his original claim. Objection was made by the respondent and insurance carrier to a hearing upon the last claim for compensation for the reason that the State Industrial Commission was without power, jurisdiction, and authority to hear, pass upon, and determine the same. Motion was over-

ruled, exceptions allowed, and testimony taken. At the hearing on the last claim for compensation, the claimant seems to have concluded that the alleged accident resulted in injury to his spleen rather than in a hernia. After hearing the evidence, the Commission, on October 10, 1931, entered an award allowing claimant compensation, and within the time provided by law the respondent and insurance carrier commenced this proceeding to review said award.

It is not contended that any claim or substitute for a claim for compensation was filed with the State Industrial Commission within one year after the injury (Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235), or that the employer furnished the employee with medical attention and hospitalization and made payment to him during the continuance of the disability of a sum equivalent to the amount of compensation to which he would be entitled under the provisions of the Workmen's Compensation Law (Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 P. 963), thus taking the claim out of the operation of the statute of limitations, section 7301, O. O. S. 1921. But, it is the contention of the claimant that the State Industrial Commission was without jurisdiction to hear and determine the first claim for compensation for the reason the Commission only gave eight days' notice of the hearing when the rules of the Commission required ten days' notice, and that the Commission did not conduct a hearing and did not have authority and jurisdiction to dismiss the claim for want of jurisdiction and that the last claim for compensation being filed within one year after the claimant arrived at the age of majority, his claim for compensation was presented within time, and that the same was not barred by the statute of limitations. Under the provisions of the Workmen's Compensation Law of this state, a "minor employee," who is mentally competent, may maintain in his own name a proceeding against his employer for compensation for an accidental injury arising out of and in the course of his employment. United States Fidelity & Guaranty Co. v. Cruce, 129 Okla. 60, 263 P. 462, 56 A. L. R. 879. We also held in Skelly Oil Co. v. Marvin Lois Johnson, 157 Okla. 278, 12 P. (2d) 177, that:

"Section 7334, C. O. S. 1921, providing that, 'no limitation of time provided in this act shall run as against any person who is mentally incompetent or a "minor dependent" so long as he has no committee, guardian or next friend,' does not apply to a 'minor employee' who is mentally competent, claim-ing compensation for injuries to himself under the Workmen's Compensation Law."

The claimant contends that section 186, C. O. S. 1921, provides that:

"If a person entitled to bring an action other than for the recovery of real property, except for penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one year after such disability shall be removed," is applicable to cases of this nature.

This is a part of the general statute of limitations in the Civil Code. We do not think the general statute of limitation in the Civil Code, which enables a minor in certain cases to bring an action at any time within a year after he reaches his majority, has any application to claims arising under the Workmen's Compensation Law. In the case of Swaney v. Gage County, 90 N. W. 542, the Supreme Court of Nebraska, in passing upon a special statute of limitations, says:

"Section 117 of chapter 78 of the Compiled Statutes, entitled 'Roads,' which authorizes the prosecution of suits for damages to the person and property of one injured by reason of a defective bridge or public road, is an act of the Legislature complete in itself, and the limitation of time for the commencement of actions contained therein applies to all persons, without regard to any kind of disability whatever. A suit based on that act which is commenced more than 30 days after the injuries complained of occurred cannot be maintained."

The Supreme Court of Iowa, in passing upon a similar statute in Cushing v. City of Winterset, 122 N. W. 915, held that:

"Acts 22d Gen. Assem. 1888, p. 31, c. 25, as amended by Acts 26th Gen Assem. 1896, p. 67, c. 63, limiting the time to sue for injuries from defective streets to three months, unless notice of the accident has been served on the municipality within 60 days after the accident, originally enacted while the general limitation statute was in force, was not adopted as a part thereof, but as a special provision covering actions against municipal corporations for injuries; and, though incorporated in Code 1897, sec. 3447, providing that actions may be brought within the times limited, and not afterwards, it is an exception to the general statute of limitations in paragraph 3 of the section, which requires an action for injuries to a person to be brought within two years, and hence section 3453, providing that the times limited for actions shall be extended in favor of infants, etc., does not apply, and an infant injured on a defective

sidewalk must sue within three months, where no notice has been served on the city."

In the case of Sarah E. Vance and S. J. Zeigler, Her Husband, v. Sarah E. Vance, Executrix, et al., 108 U. S. 514, 27 L. Ed. 808, the Supreme Court of the United States says;

"It is urged that because the plaintiff in error was a minor when this law went into operation, it cannot affect her rights. But the Constitution of the United States, to which appeal is made in this case, gives to minors no special rights beyond others, and it was within the legislative competency of the state of Louisiana to make exceptions in their favor or not. The exemptions from the operation of statutes of limitation, usually accorded to infants and married women, do not rest upon any general doctrine of the law that they cannot be subjected to their action, but in every instance upon express language in those statutes giving them time after majority, or after cessation of coverture, to assert their rights."

In the case of Morgan v. City of Des Moines, 60 Fed. 208, the Circuit Court of Appeals, Eighth Circuit, held that:

"Act Iowa, Feb. 17, 1888, which limits to six months a right of action against cities for injuries resulting from defective sidewalks, unless notice is served on the city within 90 days from the injury, applies as well to infants as to adults."

We fail to find any decisions holding to the contrary. The Workmen's Compensation Law is an act of the Legislature complete in itself. There is no necessity for a statute of limitation to protect the rights of a minor claimant who is mentally competent as he may file claim for compensation in his own name and behalf. United States Fidelity & Guaranty Co. v. Cruce, supra.

So, we are of the opinion and, hold, that section 7301, C. O. S. 1921, which limits the right to claim compensation under the Workmen's Compensation Law to claims for compensation filed within one year after the injury, applies as well to mentally competent infants as to mentally competent adults. Therefore, the State Industrial Commission properly ruled that the claim for compensation filed on July 11, 1928, more than one year after the injury is alleged to have occurred was filed too late, and that it was without jurisdiction to award compensation, and we hold that the Commission was without jurisdiction to award compensation on the claim filed May 18, 1931. The award of compensation dated

October 10, 1931 being the award sought to be reviewed in this case is hereby vacated and the cause remanded to the State Industrial Commission with directions to dismiss the claim.

RILEY, HEFNER, CULLISON, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., and CLARK, V. C. J., absent.