COOPER v. OKLAHOMA HOTEL BLDG. CO. et al.

No. 35104. Nov. 20, 1951.

*237 P. 2d 875.*

O. B. Martin, Oklahoma City, for petitioner.

Crouch, Rhodes & Crowe, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J. This is an original proceeding brought in this court by W. T. Cooper, as claimant, to review an order of the State Industrial Commission denying an award against the Oklahoma Hotel Building Company and Western Casualty & Surety Company, its insurance carrier. The State Industrial Commission entered the order on the sole ground that the claim was barred by 85 O.S. 1941 §43.

The record discloses that claimant was employed as a kitchen helper by the Oklahoma Hotel Building Company operating the Biltmore Hotel. Claimant stated that while lifting a heavy basket of dishes he sustained a hernia on the right side; that this occurred on the 19th day of August, 1948, while he was drying dishes with three other employees. The basket and dishes weighed 60 or 70 pounds. He reported the accident to the chef, Ernest Gasser, who directed him to go to Dr. Goodwin for an examination. When he got off work at 7:30 he went to the house doctor, Dr. Goodwin, who told him he

had a hernia. The doctor recommended that there be no operation because of claimant's age. Claimant was born October 24, 1877, which would make him approximately 71 years old at that time. In March, 1949, claimant again consulted the chef who sent him again to Dr. Goodwin. Dr. Goodwin gave him some medicine to ease a cough. This medicine didn't do him any good and he consulted his own physician thereafter. He quit work on February 14, 1950. The claim was filed August 4, 1950. The following is taken from claimant's testimony:

"Q. This second time you went to Dr. Goodwin did he examine you again or talk to you? A. I can't remember whether it was before I went to the doctor the second time if the Chef sent me up there to see the auditor; it was before or after but he sent me up there.

"Q. Sent you up there to the Auditor's office? A. That is right. He called me in his office.

"Q. Do you know whether the Auditor, at that time, was a lady by the name of Mrs. Buckles? A. It was a lady, if I heard her name, I forgot it.

"Q. You talked to her about your ailment? A. Yes.

"Q. What did you talk to her about? What did you all talk about? Q. And did you report to her that you had been to see Dr. Goodwin, or that you were going to see him? A. The Chef send me up there to see her to find out what they was going to do for me. She told me when I went up there the Chef had called her and told her he was going to . . .

"Q. What did she direct you to do? A. I don't think she directed me to do anything. She knew what was coming, the first thing she said was they couldn't do anything for me, the hotel couldn't do anything for me Dr. Goodwin said I did not get this hernia over there."

Claimant had undergone an operation for hydrocele and Dr. Goodwin filed a report stating that claimant had a hernia in the area at the time of the operation which was not corrected. That claimant's hernia was not due to his employment with respondent hotel company.

Claimant presents the sole issue that the State Industrial Commission erred as a matter of law in holding that the claim was barred by the statute of limitations, 85 O.S. 1941 §43. He states that his disability became apparent on February 14, 1950, and that his claim was filed within one year thereafter.

Under 85 O.S. 1941 §43, where employer neither paid compensation or wages in lieu of compensation nor furnished medical care or attention for alleged injury within one year next preceding filing of claim therefor, any claim thereafter filed with Industrial Commission was barred, in absence of showing that employer or some one in his behalf had done something to toll or waive the statute of limitations. Tulsa Hotel v. Sparks, 200 Okla. 636, 198 P. 2d 652; Roe v. Jones & Spicer, Inc., 196 Okla. 582, 167 P. 2d 70; Chas M. Dunning Const. Co., v. Williams, 196 Okla. 620, 167 P. 2d 371.

Claimant cites and relies upon Brown & Root, Inc. v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018. Therein it is stated:

"Under the provisions of the Workmen's Compensation Law (85 O.S. 1941 §1 et seq.), the statute of limitations does not begin to run against the filing of a claim until the disability arising from such accidental injury becomes apparent."

Brown & Root, Inc. v. Dunkelberger, supra, was specifically overruled in Tulsa Hotel v. Sparks, supra. Therein the court said:

"The facts and circumstances in the instant case are very similar to the facts in the case of Roe v. Jones & Spicer, Inc., 196 Okla. 582, 167 P. 2d 70, wherein we said: 'Where an employee sustained an accidental personal injury on a day certain and orally reports the same to the employer and the employer sends him to a physician for treatment, and the treatment of the physician ceases at the end of four or five days, and the employee contin-

ues his employment for several months, and changes employment twice thereafter, during all of which time he is aware of some effect of the injury to his arm but does not file a written claim with the State Industrial Commission for more than two years after the date of the injury, held: Any claim for compensation for such injury is barred by 85 O.S. 1941 §43.' "

An injured workman who is not remunerated in any way for his compensable injury, of which he has or should have knowledge, may not await the running of the statute of limitations and then be entitled to compensation. Chas. M. Dunning Const. Co. v. Williams, supra.

The record discloses without dispute that no medical attention was given after his visit to Dr. Goodwin in March, 1949. Neither was anything done after that date that would toll the statute of limitations. Claimant cites and relies upon Dixon v. Sinclair Prairie Oil Co., 201 Okla. 163, 203 P. 2d 419. The statement regarding the disclosure of disability was made therein in vacating an award for further proceedings. Any language therein contrary to the holding in Tulsa Hotel v. Sparks, supra, cannot be considered as justifying an award in the case at bar.

The State Industrial Commission did not err in denying the award on the ground that the claim was barred by section 43, supra.

Order denying award sustained.