**Roland J. CAOUETTE, Petitioner,**

**v.**

**AMERICAN AIRLINES, Inc., Oklahoma State Industrial Commission, Edwin Langley, Commissioner, and Fidelity & Casualty Company of New York, Respondents.**

**No. 36251.**

Supreme Court of Oklahoma.

Nov. 16, 1954.

C. Lawrence Elder, Gerald K. Donovan, Tulsa, for petitioner.

Sanders & McElroy, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding brought by Roland J. Caouette to review an order of the State Industrial Commission denying compensation on a claim filed by him against American Airlines, Inc., hereinafter referred to as respondent, and its insurance carrier, Fidelity and Casualty Company of New York, hereinafter referred to as insurance carrier.

On the 21st day of May, 1953, petitioner filed two claims for compensation. In the claim first filed he stated that on January 7, 1952, while in the employ of respondent he sustained an accidental injury consisting of an injury to his back resulting in some permanent disability to his person.

In his second claim he stated that between September 15, 1952 and October 15, 1952, while engaged in the employ of respondent he sustained a subsequent injury consisting of a kink in his back while lifting and moving some heavy material resulting in a ruptured disc. The claims were separately numbered and docketed as separate cases and assigned to a trial commissioner for trial.

The trial commissioner consolidated the cases for the purpose of trial but tried them as separate cases and entered separate orders.

We shall, for the purpose of this opinion, treat the consolidated cases as a single case and the separate orders entered as a single order.

The trial commissioner at the close of the evidence in substance found: On January 7, 1952, petitioner, while in the employ of respondent, sustained an accidental personal injury arising out of his employment consisting of an injury to his back; that by reason of said injury he was totally disabled from April 20, 1953 to June 29, 1953, and from July 15, 1953, to September 1, 1953, but at no time did he demand or receive from respondent or its insurance carrier compensation for such periods of total disability, nor was medical attention furnished him by respondent. In finding No. 2 the trial commissioner found:

"Immediately following said accidental injury, and on the same day, the claimant went to the dispensary maintained by the respondent and asked that an x-ray be taken. He was told the doctor was not in. Although the claimant was bothered with pain in his back from time to time thereafter, he suffered no acute pains until some time during the month of October, 1952, and did not report further to the respondent for medical attention. Beginning early in October, 1952, the claimant had increasingly acute attacks of pain in his back and finally, during the later part of April, 1953, was operated on for the purpose (of) effecting a repair of a herniated intervertebral disc, which condition, it is specifically found, was the result of the accidental injury sustained by the claimant on January 7, 1952, as hereinabove set out."

And in his finding No. 4, the commissioner found that petitioner's claim for compensation for his injury sustained on January 7, 1952, was barred by the statutes of limitation and further found that petitioner did not sustain an accidental injury between the dates of September 15, to October 15, 1952, as set out in his claim and upon such findings entered an order denying compensation.

Petitioner brings the case here to review this order. His first contention is that the finding of the commissioner that his claim for compensation for his injury sustained on January 7, 1952, is barred by limitations is not supported by the evidence and is contrary to law.

The evidence discloses that he did sustain an injury on January 7, 1952. He however testified that it did not become apparent to him that he sustained any disability as a result of that injury until sometime in November, 1952. Petitioner contends he had one year thereafter in which to file his claim; that the statute of limitations, 85 O.S.1941 § 43, does not begin to run until disability resulting from an accidental injury becomes apparent; that his claim was filed on May 21, 1953, and was therefore filed in time. In support of this contention he relies on Swift & Co. v. State Industrial Commission, 161 Okl. 132, 17 P.2d 435; Bartlett-Collins Co. v. Roach, 180 Okl. 521, 71 P.2d 489; Brown & Root, Inc., v. Dunkelberger, 196 Okl. 116, 162 P.2d 1018, 1019. In the last-cited case we held:

"Under the provisions of the Workmen's Compensation Law, 85 O.S.1941, § 1 et seq., the statute of limitations does not begin to run against the filing of a claim until the disability arising from such accidental injury becomes apparent."

This case however in so far as it announces the above rule has been expressly overruled in Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652. In that case we held:

"Under 85 O.S.1941, § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute."

Petitioner also cites Dixon v. Sinclair-Prairie Oil Co., 201 Okl. 163, 203 P.2d 419. This case however is distinguished in York v. State Industrial Comm., 201 Okl. 636, 208 P.2d 563, and Cooper v. Oklahoma Hotel

Bldg. Co., 205 Okl. 337, 237 P.2d 875. In each of these cases the rule here contended for was denied and the rule announced in Tulsa Hotel v. Sparks, supra, was followed.

■ The evidence discloses that petitioner has not been paid compensation or wages in lieu of compensation by his employer nor has his employer furnished him medical care or attention within one year next preceding the filing of this claim. His claim therefore in so far as it is based on the injury sustained on January 7, 1953, is barred by limitation.

Petitioner further contends that he sustained a second accident between September 15, and October 15, 1952, and as a result of that injury he received a strain in his back resulting in some disability to his person; and further contends that the finding of the commissioner that he did not sustain an accidental injury between these dates is not supported by the evidence.

Petitioner in support of his contention in substance testified: On January 7, 1952, while in the employ of respondent, and engaged in tearing down and cleaning airplane parts he tripped over several baskets and fell on his back causing some pain in his back. He went to respondent's dispensary and informed the lady in charge of his injury and requested an x-ray. He was advised that the doctor was not then present but that she would call him back later. He, however, was never called back. The pain lasted for only about one day. He continued working. Between September 15, and October 15, 1952, he sustained a second injury. It occurred while he was engaged in tearing down and moving governors. He placed the governors in a large tray and carried them to a spray booth. They weighed about 60 pounds. While attempting to place the governors on a drum or barrel he received a kink in his back. His condition gradually grew worse, his leg and back began to pain him but he continued to work until the latter part of October, 1952. About the 4th or 5th day of April, 1953, he consulted a doctor who advised him to see a certain specialist. He went to the specialist who, after examination, advised him that he had sustained a ruptured disc and the specialist thereafter operated. He has made some improvement since the operation and is able to do some light work.

Respondent, however, offered in evidence a statement made by petitioner to the adjustor of respondent's insurance carrier in which he stated:

"* * * I have had no injury since the fall of January 7th, 1952. I have not had any fall at any other time. * * *"

And in his cross-examination petitioner stated that he had sustained no injury to his back since January 7, 1952, and made other damaging statements affecting his credibility.

He further testified that when he quit work on or about October 31, 1952, he asked respondent's foreman for a vacation. The vacation was granted. He went to see a doctor to find out what his trouble was. He, however, made no mention to the foreman of having sustained a second injury to his back between the dates above mentioned nor did he inform him that he intended to see a doctor or request medical attention. In his statement made to the adjustor in April, 1953, he made no mention of having sustained such injury.

■ Viewing the record as a whole we cannot say there is no competent evidence reasonably tending to sustain the above finding of the Commission. It will therefore not be disturbed on review.

Order denying compensation sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN and DAVISON, JJ., concur.

ARNOLD and WILLIAMS, JJ., dissent.