Melvin McDONALD, Petitioner,

v.

TIME–DC, INC., Liberty Mutual Insurance and The Workers' Compensation Court, Respondents.

No. 63481.

Supreme Court of Oklahoma.

May 16, 1989.

As Corrected June 6, 1989.

---

**13.** AMA Guides, *supra* note 3 at 89.

Timothy M. White, Byron D. Todd, Tulsa, for petitioner.

Michael W. McGivern, McGivern, Scott, Gilliard & McGivern, Tulsa, for respondents.

OPALA, Vice Chief Justice.

The dispositive issue presented for our review is whether a compensation claim for a work-related injury sustained in a car collision is barred because it was not filed within one year after the date of the accident. We answer in the affirmative.

## THE ANATOMY OF LITIGATION

Melvin McDonald [worker] was injured on *October 7, 1977* in an on-the-job automobile accident while working for Time–DC, Incorporated. The same day the worker reported the accident to his company. Three days later he went to a hospital emergency room and received a prescription for muscle relaxants. Some five weeks after the accident he noticed a "coldness" in his feet. He met with a doctor about the condition which persisted throughout 1978.

The worker was hospitalized on January 2, 1979 and diagnosed as suffering from a loss of blood circulation below both knees. It is at this time, he testified, that he first realized the causal link between the car accident and the injury to his circulatory system.

The worker filed a compensation claim on *March 6, 1979,* alleging that he suffered permanent injuries from the October 1977 accident. The trial judge concluded the claim was barred by the applicable compensation law's limitation, because it was filed more than one year after the accident. 85 O.S.1971 § 43.[1] A three-judge review panel affirmed the denial of compensation.

1. The terms of 85 O.S.1971 § 43—*the statute in effect at the time of the worker's car accident in which the injuries are claimed to have been sustained*—provided in part:

"*The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury* or death, *a claim for compensation thereunder* shall be *filed* with the Commission.... Provided further, however, with respect to radiation disease ... the right to claim compensation under this Act shall be forever barred unless a claim is filed within one (1) year after the last hazardous exposure or within one (1) year after the disease first becomes manifest by a symptom or condition from which one learned in medicine could with reasonable accuracy diagnose this specific disease. * * * " [Emphasis added.]

The Court of Appeals vacated the order, holding that in a "single-event injury" [2] the one-year limitation period of § 43 does not begin to run until a claimant is aware or should be aware of the full extent of his work-related injury.[3]

We grant certiorari to revisit the question when statutory time to file a workers' compensation claim for a single-event injury begins to run.

## I

## THE STATUTORY TIME TO FILE A WORKERS' COMPENSATION CLAIM FOR A SINGLE–EVENT INJURY BEGINS TO RUN FROM THE DATE OF THE ACCIDENT

■■■ The worker argues the limitation period did not begin to run until he "discovered" the full extent of his injury.[4] We must recede from this view.

In *Stillwater Floral Company v. Murray*,[5] a single-event injury case, this court held that the terms of 85 O.S.1961 § 43 (the version then under review) barred a worker's compensation claim because it was not filed within one year after an *injury*. There, we said an *injury is inflicted at the time of the accident, not when its full extent is first noted.*[6] More specifically, the court's construction of the compensation law was that it

"*has no provision* [relative to a single-event injury] *for computing the limitation period from the time disability develops*.... [and that the court is] 'not free, under the guise of construction, to amend the statute by inserting therein before the word 'injury' the word 'compensable' so as to make 'injury' read as if it were 'disability'.'" [Emphasis added.][7]

*Stillwater Floral* does not stand alone on this point; we have repeatedly rejected the argument that the one-year limitation begins to run when the disability occasioned by an accidental injury becomes fully apparent.[8]

In support of his "awareness" argument, the worker relies on *Munsingwear, Inc. v. Tullis,* a cumulative-effect injury case,

---

Section 43 was later amended in 1977, 1985 and 1986 [Okl.Sess.L.1977, Ch. 234, § 1, eff. July 1, 1978; Okl.Sess.L.1985, Ch. 266, § 4, eff. Nov. 1, 1985; and Okl.Sess.L.1986, Ch. 222, § 17, eff. Nov. 1, 1986].

**2.** An accidental injury may result either from one particular event—a *"single-event injury"*—or from the cumulative effect of *repeated microtrauma* occurring over an extended period of time—a *"cumulative-effect injury."* *Munsingwear, Inc. v. Tullis,* Okl., 557 P.2d 899, 903 [1976]; *Macklanburg–Duncan Company v. Edwards,* Okl., 311 P.2d 250 [1957] (syllabus ¶ 1).

**3.** The Court of Appeals held that there can be *no* injury of a compensable nature until the victim is aware of an injury and there can be no notice requirement under the Workers' Compensation Act until the date of first *discovery* or awareness of an injury.

**4.** The worker also contends the trial judge erred when he concluded that the trial tribunal was "without jurisdiction" to entertain his claim. Although the worker is technically correct—since § 43 is a limitation extinguishing the remedy rather than affecting the right, *Munsingwear, Inc. v. Tullis, supra* note 2 at 901—his argument is at best academic. Suffice it to say the trial tribunal has the authority to decide

whether a claim was timely brought or is barred by § 43.

**5.** Okl., 380 P.2d 694, 697 [1963]. In *Stillwater Floral* the worker was injured when a gas explosion caused a sheet metal object to strike him in the head. Two months after the accident he began suffering from headaches and a year and a half later from blackout spells. He was then diagnosed as having a brain lesion caused by the blow to his head.

**6.** *Stillwater Floral Company v. Murray, supra* note 5 at 696.

**7.** *Stillwater Floral Company v. Murray, supra* note 5 at 696, quoting *Pillsbury v. United Engineering Co.,* 342 U.S. 197, 199, 72 S.Ct. 223, 224, 96 L.Ed. 225 [1952].

**8.** In support of this argument claimants usually have relied upon *Brown & Root v. Dunkelberger,* 196 Okl. 116, 162 P.2d 1018, 1019 [1945]. There, the court stated in syllabus ¶ 2: "Under the provisions of the Workmen's Compensation Law ... the statute of limitations does not begin to run ... until the disability arising from such accidental injury becomes apparent." See also *Swift & Co. v. State Industrial Commission,* 161 Okl. 132, 17 P.2d 435 [1932] (syllabus); *Bartlett–*

where we held the limitation period begins to run when the worker is aware, or should be aware, of some defect that is causally connected with the job.[9] There we observed:

> "*Stillwater Floral Company v. Murray* ... *suggests* the injury need not be one capable of full medical evaluation, but an injury with the accident sufficient for the workman to be aware, or should be aware, of some defect or some ill effect, produced thereby." [Emphasis added.] [10]

*Collins Co. v. Roach,* 180 Okl. 521, 71 P.2d 489–490 [1937] (syllabus ¶ 1).

We simply note today that these cases, insofar as they support such a rule, were *expressly overruled* in *Tulsa Hotel v. Sparks,* 200 Okl. 636, 198 P.2d 652, 655 [1948]. For other *single-accident* cases where we explicitly rejected arguments grounded on *Brown & Root, supra,* see *Swafford v. Schoeb,* Okl., 359 P.2d 584, 586 [1961]; *Evans v. Tulsa City Lines,* Okl., 290 P.2d 126, 127 [1955]; *Caouette v. American Airlines,* Okl., 276 P.2d 753, 754 [1954]; *Cooper v. Oklahoma Hotel Bldg. Co.,* 205 Okl. 337, 237 P.2d 875, 877 [1951]; *York v. State Industrial Commission,* 201 Okl. 636, 208 P.2d 563, 565 [1949].

**9.** *Munsingwear, Inc. v. Tullis, supra* note 2. There the claimant, a seamstress, suffered a work-related disability from repeated exposure to smoke caused by a hot needle on fabric. The worker here also relies upon *American Airlines, Inc. v. McCombs,* Okl., 555 P.2d 1028 [1976]; *Eaton v. Herman Van Noy Drilling,* Okl., 637 P.2d 1249 [1981]; *Esmark/Vickers Petroleum v. McBride,* Okl., 570 P.2d 951 [1977]; *Wilson Foods Corp. v. Noble,* Okl.App., 613 P.2d 485 [1980]—each case involves a disability from the cumulative effect of repeated exposure to some harmful element in the work environment.

**10.** *Munsingwear, Inc. v. Tullis, supra* note 2 at 903.

**11.** Unlike later versions, § 43's 1971 version did not explicitly differentiate between *single-event* injuries and injuries resulting from the *cumulative effect* of repeated exposure to trauma or hazardous working conditions. Instead, it used a single term—injury—to encompass both classes of accidental injury.

**12.** The "discovery rule" allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury. Its presence in our jurisprudence is a fairly recent common-law development. See *Reynolds v. Porter,* Okl., 760 P.2d 816, 820, n. 8 [1988]. Actionable tort claims favorably affected by Oklahoma's tort discovery rule include medical

The worker misinterprets the teaching of *Munsingwear.* Our ruling in that case is rested on the language of § 43 then in effect [11] and on the character of the worker's injury. *Munsingwear* was not intended to be a blank endorsement of an awareness doctrine similar to the "discovery rule",[12] which applies in general civil litigation.[13] Its teaching was but an adaptation of the *Stillwater Floral* principle that the § 43 one-year limitation begins to run at the time of the *accidental injury* which is

malpractice claims (*Seitz v. Jones,* Okl., 370 P.2d 300, 302 [1962] ); claims generated by pollution of a stream (*Continental Oil Co. v. Williams,* 207 Okl. 501, 250 P.2d 439, 441 [1952] ); claims for damage to realty (*Harper–Turner Oil Company v. Bridge,* Okl., 311 P.2d 947, 950 [1957] ); and claims for negligent exposure to an infectious disease with latent symptoms (*Sloan v. Canadian Valley Animal Clinic, Inc.,* Okl.App., 719 P.2d 474 [1986] ).

**13.** Although the awareness rule that is applied to a cumulative-effect injury may in some instances have the same practical effect as a tort discovery rule (*Daugherty v. Farmers Co-op. Ass'n,* Okl., 689 P.2d 947, 950 [1984] ), it would be improper to entertain the notion that an awareness or "discovery rule" similar to that currently followed in tort liability litigation can be adopted for compensation claims. The legislatively-prescribed regime of limitations which governs claims for compensation of workers injured on the job is *completely self-containing.* Past attempts to engraft upon this statutory body conceptual transplants from the common law or to borrow from enactments applicable in district court litigation have been consistently condemned as impermissible. The "*Workmen's Compensation Law is an act of the Legislature complete in itself."* *Indian Territory Illuminating Oil Co. v. Crown,* 158 Okl. 51, 12 P.2d 689, 692 [1932]. "[T]he general statute of limitations in the Civil Code which enables a minor in certain cases to bring an action at any time within a year after he reaches ... majority has ... [no] application to claims arising under the Workmen's Compensation Law." *Indian Territory Illuminating Oil Co. v. Crown, supra,* 12 P.2d at 691. See also *United Brick & Tile Company v. Roy,* Okl., 356 P.2d 107, 109 [1960]; *Smith v. State Industrial Commission,* 182 Okl. 433, 78 P.2d 288, 289 [1938].

The *Munsingwear* test (*infra* note 18) is not to be perceived as elevating "awareness" to *actual knowledge* that a worker's condition is *medically* related to some work-connected activity. Our recent opinion in *Coy v. Dover Corporation,* Okl., 773 P.2d 745 [1989] teaches that expert advice about the etiology of a cumulative-effect injury is not a *sine qua non* for triggering the applicable limitation period.

**1256**

known or should have been known, not from the time the full extent of the worker's disability becomes manifest.

Because *Stillwater Floral* defines "injury" by reference to the "time of the accident,"[14] it was necessary in *Munsingwear* to settle on the exact point in time when *repeated exposure* to noxious smoke will *culminate in an accident.* The essence of the *Munsingwear* reasoning is that the cumulative effect of repeated microtrauma or exposure to hazardous conditions does not become an "accident" until a worker is aware, or should be aware, of a "defect" that is causally connected with his job. This conclusion accommodates the peculiar characteristic of a cumulative-effect injury —a phenomenon that occurs imperceptibly and unexpectedly.[15] Conversely, where there is a single event (like an automobile accident), the injurious occurrence itself is far from latent.[16] Some ill effect, however trivial, will be or should be recognizable immediately.[17]

When the worker knows that a single-event industrial accident has taken place, he (or she) is *charged with awareness* of its occurrence. This, in turn, raises legal awareness of compensable injury, *present or potential.* Awareness of potential injury, much like that of *immediate* harm, imposes a duty upon the worker to protect his rights by filing a timely claim.

Properly analyzed, *Stillwater Floral* and *Munsingwear* apply the same test under different factual scenarios. The former teaches the test's proper application where a worker is injured in a single, finite accident. By the latter the same rule is refitted for use limited to cumulative-effect injuries.[18]

Although § 43 has been amended three times since *Stillwater Floral,* our lawmaking body has *not altered* the statute's *substantive* language insofar as it regulates the time to bring claims for single-event injuries.[19] The legislature must hence be

**14.** *Stillwater Floral Company v. Murray, supra* note 5 at 696.

**15.** *Munsingwear, Inc. v. Tullis, supra* note 2 at 903, citing *Macklanburg–Duncan Company v. Edwards, supra* note 2.

**16.** *Stillwater Floral Company v. Murray, supra* note 5 at 697.

**17.** We stated in *Stillwater Floral v. Murray, supra* note 5 at 697:

"The mere fact that claimant could not, from a medical standpoint, evaluate the full extent of his injury (however trivial it may have seemed) until much later, did not operate to toll, or arrest, the limitation period."

We note that in this case the worker testified he went to an emergency room three days after the automobile accident, presumably because he was aware of *some* ill effect caused by the accident.

**18.** To limit the scope of its holding, the court said in *Munsingwear, Inc. v. Tullis, supra* note 2 at 903:

"*Under the circumstances of a cumulative effect accident,* the accidental injury, which accompanies the accident, occurs (1) at the time of claimant's awareness, or discovery, of a "defect" or "ill effect" caused to the claimant; and (2) at the time of his awareness that the effect is causally connected with his job...."

*It is then, the accident has occurred and carries with it the accompanying injury. At that point in time, the cumulative accident is no different [from] ... the single event accident from a limitation issue."* [Emphasis added.]

See also, *Daugherty v. Farmers Co-op. Ass'n, supra* note.13 at 950, where we note the rule's limited application to cumulative-effect injury only.

The *Munsingwear* two-prong awareness doctrine, recently revisited in *Coy v. Dover Corporation, supra* note 13, is to be viewed as governed by an objective ("reasonable man") standard for both parts of the test.

**19.** In 1985 the time period for filing a claim was enlarged from one to two years. (See Okl.Sess. 1985, Ch. 266, § 4, eff. Nov. 1, 1985). The language pertinent here was not changed by § 43's latest amendment in 1986 (Okl.Sess.1986, Ch. 222, § 17, eff. Nov. 1, 1986). The fact that § 43's limitation period for a single-event injury has been enlarged is not significant here because the worker's October 7, 1977 injury occurred prior to those amendments. Absent express or implied legislative intent to the contrary, an amendment to the Workers' Compensation Act is inapplicable to injuries sustained prior to the enactment's effective date. See *Weber v. Armco, Inc.,* Okl., 663 P.2d 1221, 1227 [1983]. There is no indication of any such intent and none has been advanced by the parties.

deemed to have ratified our prior interpretation of § 43.[20]

In sum, the language of § 43 clearly militates against a construction that would allow engrafting a tort-like discovery rule. Rather, the time to file a claim for a single-event injury runs from the time the worker is charged with legal awareness of the present or potential ill effect, not from the onset or manifestation of disability or impairment. Our current statutory scheme makes a similar rule applicable to claimants who seek compensation for most *cumulative-effect injuries*.[21] Only for asbestosis, silicosis or exposure to nuclear radiation does the limitation period *now in effect* begin to run from the date of manifestation. 85 O.S.Supp.1986 § 43(A). The cited enactment's restriction operates as an explicit exception from the general regime for application to some forms of cumulative-effect injuries. *The legislative enumeration* of compensable harms singled out from others *clearly prohibits a judicial extension of similar exceptions both to single-event* or to other kinds of cumulative-effect injuries, regardless of apparent hardship or inconvenience.[22]

## II

A DICHOTOMOUS DIVISION OF CLAIMANTS BASED ON THE CHARACTER OF INJURY SUSTAINED IN AN INDUSTRIAL ACCIDENT RESTS ON LEGITIMATE STATE INTERESTS AND DOES NOT OFFEND CONSTITUTIONAL RESTRICTIONS ON THE GOVERNMENTAL USE OF CLASSIFICATIONS

■ Single-event and cumulative-effect injuries bear distinctive characteristics which require different treatment. Recognition of these separate classes is necessary for fair application of § 43's one-year (now two-year) limitation. It is hence rationally related to legitimate state interests in orderly adjudication of claims and in judicial economy. There is here no violation of the U.S. Constitution's Equal Protection Clause of the 14th Amendment.[23]

In comparison to single-event injuries, § 43 at one time expressly permitted a worker suffering from *any* cumulative-effect injury to file a claim within eighteen months after the last hazardous exposure or after the disease first became *manifest* by a symptom or condition. See 85 O.S. Supp.1977 § 43. Even this rule's application has now been confined solely to enumerated illnesses; claims for all other cumulative-effect injuries must now be filed within two years *after* the date of the last trauma or hazardous exposure—without regard to when symptoms became manifest. See 85 O.S.Supp.1986 § 43, *infra*, note 21.

**20.** See *Larkin v. Hiittenmeyer*, 195 Okl. 669, 161 P.2d 749, 750–751 [1945], where we stated that it must be assumed the legislature is cognizant of judicial interpretations of statutes; failure to later amend a statutory provision is tantamount to legislative acquiescence, ratification and approval of extant judicial construction. In *Lekan v. P & L Fire Protection Co.*, Okl., 609 P.2d 1289, 1292 [1980], it is stated: "Legislative familiarity with extant judicial construction of statutes in the process of being amended is presumed. Unless a contrary intent clearly appears or is plainly expressed, the terms of amendatory acts which retain the same, or not substantially dissimilar, portions of provisions formerly in force will be accorded the construction identical to that placed upon them by preexisting case law."

See also *Garrison v. State*, Okl., 420 P.2d 474, 477 [1966]; *Huff v. State*, Okl., 764 P.2d 183, 185 [1988].

**21.** The present version of § 43, as amended in 1986 (Okl.Sess.L.1986, Ch. 222, § 17, eff. Nov. 1, 1986), provides in pertinent part:
"... with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure...." See also *Coy v. Dover Corporation, supra* note 13.

**22.** *Cummings v. Board of Education*, 190 Okl. 533, 125 P.2d 989, 993 [1942]; *Lake v. Lietch*, Okl., 550 P.2d 935, 937 [1976].

**23.** Because these two classifications burden neither a fundamental interest nor a suspect class, the rational basis test must govern their constitutional validity. Under this standard, a statute will be upheld as free of infirmity *unless* the varying treatment of the different groups or persons is so unrelated to the achievement of any combination of legitimate state purposes that one can only conclude the classifications are irrational. *Vance v. Bradley*, 440 U.S. 93, 97, 99 S.Ct. 939, 942–943, 59 L.Ed.2d 171 [1979]; *Pennell v. City of San Jose*, 485 U.S. 1, 108 S.Ct. 849, 859, 99 L.Ed.2d 1 [1988]; see also *Black v. Ball Janitorial Service, Inc.*, Okl., 730 P.2d 510, 513, n. 8 [1986].

## III

### THE WORKER'S COMPENSATION CLAIM IS BARRED FOR FAILURE TO FILE A PROCEEDING WITHIN ONE YEAR AFTER THE DATE OF THE ACCIDENT

■ The worker suffered injuries in an automobile collision. His claim is based on a single-event injury and, hence, can escape legislative extinguishment only if a proceeding was brought within one year (now a two-year interval) of the date the *accident occurred.* This is the very date the worker first *became charged with legal awareness* of some defect, or ill effect, from the job-related occurrence. His lack of knowledge—at that point in time—of the full extent of his disability is legally irrelevant.

Because the record clearly demonstrates the worker was *immediately aware* of his October 1977 accident, he was also *legally aware* at that time of present or potential harm. Consequently, the worker had a duty to file his claim within one year of that date. His March 1979 claim, filed more than one year after the accident's occurrence, is barred by § 43.

CERTIORARI IS GRANTED, THE COURT OF APPEALS' OPINION IS VACATED AND THE ORDER OF THE REVIEW PANEL OF THE WORKERS' COMPENSATION COURT IS SUSTAINED.

HARGRAVE, C.J., and HODGES, LAVENDER and SIMMS, JJ., concur.

DOOLIN, ALMA WILSON and SUMMERS, JJ., dissent.

KAUGER, J., dissents by reason of stare decisis.

SUMMERS, Justice, dissenting.

I must respectfully dissent. Oklahoma has had a "discovery rule" for workers' compensation claims since at least 1932. While the substance of the rule has undergone change that rule still applies (or did until today's case) to single event accidents. Because of the difference between the majority's analysis and my own, a review of the relevant Oklahoma cases is appropriate.

In *Swift & Co. v. State Industrial Commission,* 161 Okl. 132, 17 P.2d 435 (1932), the court stated that:

"The statute of limitations in this case began to run when the respondent's right to claim compensation arose, and that was when the disability developed, *and became apparent." Id.,* 17 P.2d at 438 (emphasis added)

In *Bartlett–Collins Co. v. Roach,* 180 Okl. 521, 71 P.2d 489 (1937), the claimant sustained an accidental injury to her eye on May 14, 1934. She was treated intermittently by the employer's physician until October 9, 1935. She then complained to her supervisor that her eye "was not getting well" and shortly thereafter a different doctor removed a splinter of glass from her eye. She filed her claim on December 9, 1935. The court held "that the disability occurred on or after October 9, 1935, and that the claim was filed within time". *Id.,* 71 P.2d at 491.

In *Brown & Root v. Dunkelberger,* 196 Okl. 116, 162 P.2d 1018 (1945), we were more explicit:

"[W]here the injury is of such a nature that its lasting effect is not easily ascertained, and it seems trifling, but later develops, or is found to be of a permanent nature, the statute of limitation, 85 O.S.1941, § 43, does not begin to run until the disability is disclosed and becomes apparent." *Id.,* 162 P.2d at 1020.

Syllabi in *Brown & Root, Bartlett–Collins Co.,* and *Swift & Co.,* had indicated that the statute of limitations did not begin to run until the disability was apparent. This court then disapproved of these syllabi in *Tulsa Hotel v. Sparks,* 200 Okl. 636, 198 P.2d 652 (1948).

In *Tulsa Hotel v. Sparks,* supra, the court said:

"The holding in the above cited case [*Brown & Root v. Dunkelberger,* supra,]

was based upon the rule announced in *Bartlett–Collins Co. v. Roach,* [1]80 Okl. 521, 71 P.2d 489, and *Swift & Co. et al. v. State Industrial Commission,* 161 Okl. 132, 17 P.2d 435. The applicable syllabus in each of these cases and also the Dunkelberger case is too broad for the reason that no limitations of any kind are contained therein, and the same are hereby disapproved." *Id.,* 198 P.2d at 655.

However, *Tulsa Hotel* did not depart from application of a discovery rule. The following discussion appears in the opinion:

"The facts and circumstances in the instant case are very similar to the facts in the case of *Roe v. Jones & Spicer, Inc.,* 196 Okl. 582, 167 P.2d 70 [1946] wherein we said: 'Where an employee sustained an accidental personal injury on a day certain and orally reports the same to the employer and the employer sends him to a physician for treatment, and the treatment of the physician ceases at the end of four or five days, and the employee continues his employment for several months, and changes employment twice thereafter, *during all of which time he is aware of some effect of the injury to his arm* but does not file a written claim with the State Industrial Commission for more than two years after the date of injury, held: Any claim for compensation for such injury is barred by 85 O.S.1941 § 43.'

An injured workman who is not remunerated in any way for his compensable injury, *of which he has or should have knowledge,* may not await the running of the statute of limitations and then be entitled to compensation." *Id.,* 198 P.2d at 656 (Emphasis added).

Thus the worker either must have or should have knowledge of his compensable injury for the statute of limitations to begin to run, according to *Tulsa Hotel v. Sparks,* supra.

In the case of *Stillwater Floral Co. v. Murray,* 380 P.2d 694 (Okl.1962), we used the *Tulsa Hotel* discovery rule in resolving the statute of limitations issue. In *Stillwater Floral* the workman was hit on the head on January 15, 1960 by a metal object hurled by an explosion. Then, with regard to the next day, we stated the following:

"The following morning he had 'a small headache for awhile'; a knot, or a lump, 'about the size of a quarter of a dollar', appeared on the back of his head, and there was also a minor 'sore' on the left temple just above the ear." *Id.,* 380 P.2d at 695.

In applying the discovery rule in *Stillwater Floral* we went on to say:

"A workman who is aware, or should be aware, of *some defect* produced by his accidental injury may not await the expiration of the limitation period to assert his right to compensation. See *Swafford v. Schoeb,* supra [359 P.2d 584 Okl.1961] and the cases therein cited (359 P.2d [at] 587), and *Roe v. Jones & Spicer, Inc.,* 196 Okl. 582, 167 P.2d 70. As disclosed by the undisputed evidence, the claimant in the present case was aware that he had sustained an accidental injury and that he had *some* ill effects therefrom at least as early as the morning of January 16, 1960. The injury itself was not of a latent nature. The mere fact that claimant could not, from a medical standpoint, evaluate the full extent of his injury (however trivial it may have seemed) until much later, did not operate to toll, or arrest, the limitation period." *Stillwater Floral Co. v. Murray,* 380 P.2d [at] 696–697. (Emphasis in original).

In *Stillwater Floral* the court examined the record to determine when the worker was aware, or should have been aware, of some defect produced by his accidental injury. We found that *one day after the date of the accident* the claimant "was aware that he had sustained an accidental injury and that he had *some* ill effects therefrom". We then concluded that the one-year limitation period "expired months before the subject claim was filed in September, 1961", and in doing so distinguished what the claimant knew or should

have known from what the claimant knew to "a full extent" from a "medical standpoint."

Stillwater Floral thus stands for the proposition that the time in which to file a claim does not begin to run until the workman is aware or should be aware of "some defect produced by his accidental injury". This case has been cited many times by this court, and at no time have we overruled the Stillwater Floral discovery rule. Indeed, in at least two subsequent cases we have approved of it.

In Apple v. State Insurance Fund, 540 P.2d 545 (Okl.1975), we stated:

"These cases [cited by respondent] declare a workman who is aware, or should be aware, of some effect produced by accidental injury must make claim for compensation within one year. Stillwater Floral Co. v. Murray, Okl., 380 P.2d 694, and Southwest Factories, Inc. v. Eaton, Okl., 453 P.2d 1021." Id., 540 P.2d at 547. (Emphasis added).

Again, in Munsingwear, Inc. v. Tullis, 557 P.2d 899 (Okl.1976), we explained the discovery rule of Stillwater Floral thusly:

"Stillwater Floral Company v. Murray, Okl., 380 P.2d 694 (1963) suggests the injury need not be one capable of full medical evaluation, but an injury with the accident sufficient for the workman to be aware, or should be aware, of some defect or some ill effect, produced thereby. Again, Stillwater Floral Company, supra, relates to a single event accident. There claimant was struck on the head.... The date of the accident controlled for claimant had knowledge of some defect or some ill effect projected by the accident."

So as recently as Munsingwear we have recognized the existence of a discovery rule in single event accidents, commencing with the time the workman "is aware, or should be aware of some defect or ill effect produced thereby." Id. at 903. In Stillwater Floral the statute ran because the workman had that awareness at least as early as the day following the accident. Id. at 697.

(Munsingwear goes on to clarify the discovery rule regarding an injury arising from a cumulative effect accident, but does not overrule Stillwater Floral or otherwise pare down the discovery rule for single events announced therein.)

By footnote today's majority indicates that the discovery rule of Stillwater Floral and Munsingwear is limited to application in only a cumulative effect accident case, citing Daugherty v. Farmers Co-op. Ass'n, 689 P.2d 947, 950 (Okl.1984). That case states:

"We have applied the discovery rule in this jurisdiction in cases of medical malpractice. See 76 O.S.1981 § 18.9. McCarroll v. Doctors General Hospital, 664 P.2d 382, (Okl.1983). Additionally, the rule has been applied to cases of cumulative injury in workers' compensation cases. Eaton v. Van Noy Drilling, 637 P.2d 1249 (Okl.1981)." Id., 689 P.2d at 950.

Daugherty does not limit the discovery rule to only cumulative effect accidents. Its omission of Stillwater Floral as an example of an application of a discovery rule, or any other case applying a discovery rule (such as Continental Oil Co. v. Williams, 207 Okl. 501, 250 P.2d 439 [1952], pertaining to stream pollution), does not render those cases ineffective.

Thus, I must conclude, contrary to the opinion of the majority, that the statute of limitations applicable to this case has, until today's writing, included a discovery rule for a single event accident. Stillwater Floral Co. v. Murray, supra.

Latent Injuries.

The majority concludes that a single event accident claim must be brought within one year of the date of accident and then states "[t]he date the worker first became aware of some defect, or ill effect, from the job-related accident was the date the one year period ... to file his claim began to run." That statement appears to be inconsistent with the rest of the opinion, but is

consistent only because the majority had earlier concluded that workers are always aware of ill effects caused by single event accidents. The majority, citing *Stillwater Floral*, states that when a single event accident occurs "the injury itself is not latent for some ill effect, however trivial, will be or should be immediately recognizable". This appears to create a rule óf law that a latent injury cannot, under any conceivable circumstance, occur in a single event accident.

In *Stillwater Floral* the court did not hold that a single event accident precludes the possibility of a latent injury. The court did find in that case that: "[t]he injury itself was not of a latent nature". *Id.* at 697. The court apparently found the injury was not latent because the worker "was aware that he had sustained an accidental injury and that he had *some* ill effects therefrom at least as early as the morning of January 16, 1960" [the morning after the accident]. *Id.* Finding the absence of a latent injury because of that claimant's awareness is not the same as proclaiming that one cannot occur in a single event accident.

The *Stillwater Floral* court did not define "latent injury". The Supreme Court of the State of Alaska has defined it thus:

"The term 'latent injury' has a generally accepted meaning, and we hold in accordance therewith that an injury is latent so long as the claimant does not know, and in the exercise of reasonable diligence (taking into account his education, intelligence and experience) would not have come to know, the nature of his disability and its relation to his employment." *W.R. Grasle Company v. Alaska Workmen's Compensation Board*, 517 P.2d 999, 1002 (Alaska 1974). (Footnotes omitted).

When a worker does not know, or could not know with reasonable diligence, the nature of his disability and its relation to his job such injury is "latent" using the above definition. However, this definition is inconsistent with the *Stillwater Floral* language.

The majority position is correct in holding that prior case law equates awareness of an ill effect with awareness of an injury. In *Stillwater Floral* the court finds the "injury" was not latent based on the claimant's awareness of an "ill effect". Consistent with the *Stillwater Floral* approach this court equated awareness of an "ill effect" with awareness of an "injury" in *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okl.1976).

"Under the circumstances of a cumulative effect accident, *the* accidental *injury*, which accompanies the accident, *occurs* (1) *at the time of* claimant's *awareness*, or discovery, *of a 'defect' or 'ill effect'* caused to the claimant;" *Id.*, 557 P.2d at 903.

Although a worker may be aware of some ill effect from an accident, and thus the limitations period would begin to run under *Stillwater Floral*, he might not know, or in the exercise of reasonable diligence be able to know, that he has a compensable injury.

The majority's response to the latent injury problem would impose on the worker a duty to protect his rights by filing a timely claim if he is but aware of a "potential injury." I disagree for two reasons: (1) Employers are concerned with the filing of groundless claims and frequently keep histories of individuals' propensities in that regard. Employees aware of this are reluctant to file claims based on fleeting jolts or pains; if the occurrence turns out to be nothing serious the record of the filing could be a basis for not getting hired in the future. The question of whether to file or not will present a real dilemma for the worker. (2) The courts already have enough business to preside over. I would prefer to discourage the filing of compensation claims until a worker knows or reasonably should know that he has suffered a compensable work related injury.

### "Accident" v. "Injury" Statutes of Limitation.

In workers' compensation jurisprudence statutes of limitation may be classified as

either "injury" statutes or "accident" statutes. An "injury" statute of limitation begins to run from the date of injury, while an "accident" statute begins to run from the date of the accident which caused the injury. We explained this in *Munsingwear*.

"As to workmen's compensation claim limitations provisions, states are sometimes classified as 'accident' jurisdictions or 'injury' jurisdictions. This comes from language found in the particular jurisdiction's workmen's compensation laws. This jurisdiction's language makes Oklahoma an 'injury' jurisdiction. Section 43 allows the filing of the claim 'within one (1) year after the injury.' We construe the date of injury as the date of the initial injury accompanying the accident. *Tulsa Hotel v. Sparks*, 200 Okl. 636, 198 P.2d 652 (1948)." *Munsingwear, Inc. v. Tullis*, 557 P.2d 899 (Okl. 1976).

A leading author has explained that a majority of those states that have "injury" statutes of limitation construe those statutes as beginning to run when a compensable injury becomes apparent.

"About half the states date the claim period from the 'accident'; most of the rest date it from the 'injury.' Under the 'injury' type of statute, there is now almost complete judicial agreement that the claim period runs from the time compensable injury becomes apparent. This rule has been applied when there was a lapse of fifteen months or two years between a trauma and the development of cancer, or six years between the accident and the appearance of a cataract. It has also been applied when what appeared to be only a bloody nose developed into a deformed septum, when a bruised thumb became ultimately disabling painful, and when an apparently trivial blow led to a swollen nerve root." 3 A. Larson, *The Law of Workmen's Compensation*, § 78.42(a) (1988).

The majority opinion takes a different approach and dates an "injury" to the "time

of the accident," thus, equating our "injury" statute with an "accident" statute. "Accident" statutes have been the subject of criticism.

"A rigid claims period may operate unfairly not only because the nature, seriousness and work-connection of the injury could not reasonably be recognized by the claimant, or perhaps even by his doctor, but in many cases the injury itself does not exist in compensable degree during the claims period. This latent or delayed injury problem presents in the sharpest relief the senselessness of uncompromising time periods. * * * If the statute bars claims filed more than one year after the 'accident,' and if the court applies the statutory language with medieval literalism, the workman can never collect for the injury no matter how diligent he is: He cannot claim during the year, because no compensable injury exists; he cannot claim after the year, because the statute runs from the accident." 3 A. Larson, *The Law of Workmen's Compensation*, § 78.42(a) (1988).

Professor Larson goes on to state:

"It is odd indeed to find, in a supposedly beneficent piece of legislation, the survival of this fragment of irrational cruelty surpassing the most technical forfeitures of legal statutes of limitation. Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitations period runs against a claim that has not yet matured; and when it matures, it is already barred. For good measure, the exclusive remedy provisions of the Compensation Act also abolish claimant's common-law remedies." 3 A. Larson, *The Law of Workmen's Compensation*, § 78.42(b) (1988).

The majority, equating the time of the injury with that of the accident, finds that the statute of limitations in effect at the time of the accident commenced to run. In

*Knott v. Halliburton Services,* 752 P.2d 812 (Okl.1988), we stated that the statute of limitations in effect at the time of the *injury* controls. *Id.,* 752 P.2d at 813. Thus the term "injury" must be defined to determine the onset of the statute of limitations.

An "injury" in worker's compensation jurisprudence is "the wrong or damage done to the person." *Gulf Oil Corporation v. Rouse,* 202 Okl. 395, 214 P.2d 251, 253 (1949). A worker may experience an "ill effect" from an accident such as a brief pain or a momentary muscle spasm, but the Worker's Compensation Act is concerned with compensable injuries. See, 85 O.S. 1971, § 22. In the case of *In the Matter of Barnes,* 587 P.2d 214 (Wyo.1978), the Supreme Court of Wyoming expressed disfavor with the approach used by the majority.

"[I]t would do violence to the [Worker's Compensation] Act to interpret it in a way that inferred an 'accident' and an 'injury' identical in meaning:

'* * * It is true that an accident frequently, perhaps usually, at the exact time of its happening, produces a compensable injury, but, as the cases above make clear, that is not always so.' *Id.* 62 P.2d at 539.

We likewise hold that the term 'injury', as used in the Worker's Compensation Law, means compensable injury and is not used in the sense of the occurrence of an industrial accident giving rise to or causing the compensable injury." *Id.* at 218.

Oklahoma's "injury" statute has, since *Tulsa Hotel,* required application of a discovery rule. Although the application of the *Stillwater Floral* discovery rule would require an examination of the record to determine when the worker was aware of an ill effect caused from his employment, I would advocate a rule that the limitations period does not begin to run until the worker is aware, or should be aware, of a compensable injury caused from his employment. A worker suffering from an insidious injury would not be pushed into financial ruin, while the finders of fact in the court system could deny the stale claims of those workers who reasonably should have known of their compensable injuries. The majority's approach will cause many latent injuries to be not compensable.

The Case At Bar.

The accident occurred on October 7, 1977. The worker experienced coldness in his feet five weeks after the accident. He consulted a doctor in 1978 for this condition. In January of 1979 he was diagnosed as suffering from an impairment of blood circulation below both knees. The claim was filed in March of 1979. The inquiry is to determine the relevant period of limitations.

In the present case, the claimant alleged permanent partial disability because of injuries to his legs, back, neck, and shoulder. The transcript also indicates that he sought medical care for back pain three days after the accident at a hospital. Thus, I would remand this case to the trial court for a determination of when the claimant either knew, or should have known, of each of the alleged injuries, and leave to that finder of fact the applicability of the statute of limitations.

The statute should run from the date of injury. The finder of fact need only determine when the claimant was aware, or should reasonably have been aware, of a compensable injury. I would hold that seeking medical treatment contemporaneously with an accident for injuries received puts a reasonably prudent worker upon inquiry that such injuries are caused by the accident. Thus, if at the time of this contemporaneous treatment a physical condition is apparent which would support a compensation award, i.e., an apparent compensable injury, the limitations period would be held to begin when the claimant became aware of the accident. If the claimant's medical condition relating to his back, for example, would have been sufficient to have supported an award three

days after the accident, then the claimant's claim arising from such a medical condition would be barred. If the claimant's claim is based upon a physical condition which first manifested itself as a compensable injury several months after the accident then I would allow the finder of fact to determine when the claimant was, or should have been, first aware that the accidental injury existed.

Applying a statute of limitations based on the claimant's knowledge or awareness is not a departure from established precedent in this jurisdiction. See, *Hambley v. Foster Wheeler Corporation*, 395 P.2d 582 (Okl.1964). In *Hambley* the claimant filed a claim for a leg injury within one year of the accident, but he did not file a claim for a back injury until approximately two and one-third years after the accident. The court explained that the injury to the back was unrelated to the leg injury, that the claimant knew of the back injury within thirty days after the accident, and that his claim for the back injury was barred by limitations.

Thus, I would remand this case to the trial court to make the appropriate findings and conclusions.

I am authorized to state that Justices DOOLIN and ALMA WILSON join in these views and that Justice KAUGER does so by reason of *stare decisis*.